United States Court of Appeals,

Fifth Circuit.

No. 94-41105.

Robert Lee GASTON, Petitioner-Appellant,

v.

John P. WHITLEY, Warden, Louisiana State Penitentiary,
Respondent-Appellee.

Oct. 24, 1995.

Appeal from the United States District Court for the Western
District of Louisiana.

Before GARWOOD, DUHÉ and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge.

## I. INTRODUCTION

Appellant Robert Lee Gaston ("Gaston") was convicted on April
28, 1981, of aggravated rape. He was sentenced to life
imprisonment without benefit of parole, probation, or suspension of
sentence. The conviction and sentence were affirmed on direct
appeal by the Louisiana Supreme Court.

Gaston sought a writ of habeas corpus in the United States
District Court which was denied. He then filed an application for
post-conviction relief in the Fourth Judicial District Court, which
was also denied. An application for writs on post-conviction
relief with the Louisiana Supreme Court was also denied.

On January 27, 1994, Gaston filed a petition for habeas corpus
with the Western District of Louisiana, complaining of allegedly
erroneous jury instructions and ineffective assistance of counsel.
On September 30, 1994, the district court, concurring with the

1

magistrate's recommendation, denied the petition. Miller filed his notice of appeal on October 13, 1994. We affirm.

## II. ANALYSIS

A. *Jury Instructions:*

The jury charge in Gaston's trial in 1981 as it relates to reasonable doubt stated the following:

> If you entertain any reasonable doubt as to any fact or element necessary to constitute the defendant's guilt it is your sworn duty to give him the benefit of that doubt and return a verdict of acquittal, and even where the evidence demonstrates a probability of guilt, yet if it does not establish it beyond a reasonable doubt, you must acquit him. This doubt must be a reasonable one. That is one found upon a real, tangible, substantial basis and not upon a mere caprice, fancy or conjecture. It must be such a doubt as would give rise in your minds to a grave uncertainty by reason of the unsatisfactory character of the evidence, one that would make you feel that you had not an abiding conviction to a mortal—moral certainty as to the accused's guilt for that degree of assurance which induces a man of sound mind to act without doubt upon the conclusion to which his mind leads him. If after giving a fair and impartial consideration to all the facts in the case you find the evidence unsatisfactory upon any single point indispensably necessary to constitute the accused's guilt, this would give rise to such a reasonable doubt as would justify you in returning a verdict of not guilty.

In *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), the Supreme Court ruled that a charge very similar to this one was unconstitutional because it allowed a finding of guilt based on a degree of proof below that required by the due process clause of the Fourteenth Amendment. Gaston argues that *Sullivan v. Louisiana,* --- U.S. ----, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), mandates that *Cage* be applied retroactively in accordance with *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

2

In *Teague,* the Supreme Court stated that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced," unless they fall within an exception to the general rule. *Id.* at 310, 109 S.Ct. at 1075. The second exception identified by the *Teague* Court was that "a new rule should be applied retroactively if it requires the observance of those procedures that are implicit in the concept of ordered liberty." *Id.* at 314, 109 S.Ct. at 1076 (internal quotations and citations omitted).

In *Skelton v. Whitley,* 950 F.2d 1037 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992), this court held that *Cage* did not fit within this second exception of *Teague* and therefore was not retroactive. Then in *Sullivan,* however, the Supreme Court held that the *Cage*-type error is structural. "[T]o hypothesize a guilty verdict that was never in fact rendered—no matter how inescapable the finding to support that verdict might be—would violate the jury-trial guarantee." *Sullivan,* --- U.S. at ----, 113 S.Ct. at 2082. "The right to trial by jury reflects ... a profound judgment about the way in which law should be enforced and justice administered. The deprivation of that right, with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as structural error." *Id.* at ----, 113 S.Ct. at 2083 (internal quotations and citations omitted); *see also, Harmon v. Marshall,* 57 F.3d 763, 764-65 (9th Cir.1995). *Sullivan* thus implies that the *Cage*-type error is "implicit in the concept of ordered liberty" and therefore should be applied

3

retroactively under *Teague*. *See Adams v. Aiken,* 41 F.3d 175 (4th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 2281, 132 L.Ed.2d 284 (1995); and *Nutter v. White,* 39 F.3d 1154 (11th Cir.1994).

However, in *Victor v. Nebraska,* --- U.S. ----, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), the Supreme Court modified the *Cage* standard of reviewing allegedly erroneous jury instructions. In *Cage,* the Court considered how a reasonable juror could have interpreted the instructions. *Cage,* 498 U.S. at 39-41, 111 S.Ct. at 329. In *Victor,* the Court disapproved that test and adopted the following standard: whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution. *Victor,* --- U.S. at ----, 114 S.Ct. at 1243. Thus, if *Sullivan* and *Teague* command retroactivity here, it is now *Victor,* not *Cage,* which should be applied retroactively.[1]

In *Victor,* the Court disapproved of charges similar to that which Gaston received. *See Victor,* --- U.S. at ---- and ----, 114 S.Ct. at 1248 and 1251. In a concurring opinion, Justice Kennedy even warned state courts that "[t]he inclusion of words so malleable, because so obscure, might in other circumstances have put the whole instruction at risk." *Id.* at ----, 114 S.Ct. at 1251 (Kennedy, J., concurring). Justice Ginsburg reiterated that point in her concurrence by stating that "the term "moral certainty'... should be avoided as an unhelpful way of explaining what reasonable

---

[1]A footnote in the unpublished opinion of *Smith v. Stalder,* 26 F.3d 1118 (5th Cir.1994) (per curiam) stated that *Skelton* survives *Sullivan* and *Cage* should not be applied retroactively. *Smith,* at 2 n. 1. This holding may be questionable, but we need not address it because *Victor* controls this case.

4

doubt means." *Id.* at ----, 114 S.Ct. at 1252 (Ginsburg, J., concurring). However, the Court held that the wording in question did not render the instructions taken as a whole unconstitutional. *Id.* at ---- and ----, 114 S.Ct. at 1248 and 1251.

Applying *Victor,* we note that Gaston's instruction, like the *Cage* instruction, used the words "grave uncertainty" and "moral certainty," the phrases which the Supreme Court warns should be avoided. However, Gaston's instruction, unlike the *Cage* instruction, also included the phrase "that degree of assurance which induces a man of sound mind to act without doubt upon the conclusion to which his mind leads him." Because of this "alternative definition of reasonable doubt," *Victor,* --- U.S. at ----, 114 S.Ct. at 1250, it is not reasonably likely that the jury applied the challenged instruction in a way that violates the Constitution. Therefore, following *Victor,* we similarly disapprove of the wording in Gaston's charge but hold that it did not render the instruction unconstitutional in this case.

B. *Ineffective Assistance of Counsel:*

Gaston's other claim is that he was deprived a fair and impartial trial as a result of his attorney's failure to object to the allegedly erroneous jury instruction on reasonable doubt. Gaston's trial was nine years before the Supreme Court declared the instruction in question unconstitutional in *Cage.* Failure to object to the instruction in light of the state of the law at the time does not constitute deficient performance. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

5

Accordingly, the district court's denial of Gaston's petition is hereby AFFIRMED.