United States Court of Appeals,

Fifth Circuit.

No. 94-30696.

Revert WESTON, Petitioner-Appellant,

v.

Richard P. IEYOUB, Attorney General, State of Louisiana and Burl Cain, Warden, Louisiana State Penitentiary, Respondents-Appellees.

Nov. 22, 1995.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before GARWOOD, DUHÉ and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

## I. INTRODUCTION

Revert Weston ("Weston") was convicted of murder and aggravated rape in a jury trial conducted in May 1976. His convictions and sentences were affirmed on direct appeal. Weston applied for post-conviction relief in 1991 in the state trial court, alleging that the trial court's jury instruction on reasonable doubt violated his due process rights by improperly reducing the State's burden of proof. He later amended his pleadings, alleging that (1) he was denied due process of law on direct appeal when the Louisiana Supreme Court failed to completely consider one of his designated assignments of error due to an incomplete transcript; and (2) he was denied effective assistance of counsel on appeal. The trial court denied relief and the Louisiana Supreme Court affirmed the ruling.

Weston raised the same three claims in the instant federal

1

habeas petition. The district court denied relief and dismissed the petition. Weston timely appealed and a certificate of probable cause was granted.

## II. ANALYSIS

A. *Jury Instructions:*

The jury charge in Weston's trial in 1976 as it relates to reasonable doubt stated the following:

> If you entertain any reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your sworn duty to give him the benefit of that doubt and return a verdict of acquittal. Even where the evidence demonstrates a probability of guilt, yet if it does not establish it beyond a reasonable doubt, you must acquit the accused. This doubt must be a reasonable one, that is, one founded upon a real, tangible, substantial basis, and not upon mere caprice, fancy or conjecture. It must be such a doubt as would give rise to a grave uncertainty, raised in your minds by reason of the unsatisfactory character of the evidence; one that would make you feel that you had not an abiding conviction to a moral certainty of the defendant's guilt. If, after giving a fair and impartial consideration to all of the facts in the case, you find the evidence unsatisfactory upon any single point indispensably necessary to constitute the defendant's guilt, this would give rise to such a reasonable doubt as would justify you in rendering a verdict of not guilty.
>
> The prosecution must establish guilt by legal and sufficient evidence beyond a reasonable doubt, but the rule does not go further and require a preponderance of testimony. It is encumbent [sic] upon the State to prove the offense charged, or legally included in the Information, to your satisfaction and beyond a reasonable doubt. It should be an actual or substantial doubt. It is such a doubt as a reasonable man would seriously entertain. It is a serious doubt, for which you could give good reason.

In *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), the Supreme Court ruled that a charge very similar to this one was unconstitutional because it allowed a finding of guilt based on a degree of proof below that required by the due process

2

clause of the Fourteenth Amendment.  Weston argues that *Sullivan v. Louisiana,* --- U.S. ----, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), mandates that *Cage* be applied retroactively in accordance with *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

In *Gaston v. Whitley,* 67 F.3d 121 (5th Cir.1995), this court considered the same issue and noted that *Victor v. Nebraska,* --- U.S. ----, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), modified the *Cage* standard of reviewing allegedly erroneous jury instructions. Thus, we held, if *Sullivan* and *Teague* command retroactivity here, it is now *Victor,* not *Cage,* which should be applied retroactively. *Gaston, supra.*

Applying *Victor,* we note that Weston's instruction, like the *Cage* instruction, used the words "grave uncertainty" and "moral certainty," the phrases which the Supreme Court warns should be avoided.[1]  However, the *Cage* instruction stated that "[w]hat is required is ... a moral certainty," whereas Weston's instruction stated that what is required is "an abiding conviction to a moral certainty."  "Instructing the jurors that they must have an abiding conviction of the defendant's guilt does much to alleviate any concerns that the phrase moral certainty might be misunderstood in the abstract."  *Victor,* at ----, 114 S.Ct. at 1250.  Furthermore, the jurors were told to give a "fair and impartial consideration to

---

[1]The Court advised states that the use of such terms in the future could possibly "put the whole instruction at risk." *Victor,* at ----, 114 S.Ct. at 1251 (Kennedy, J., concurring); *see Gaston, supra.*

all of the facts" and that they "must not go beyond the evidence to find facts" but must restrict themselves to the evidence heard during the trial. Accordingly, there is no reasonable likelihood that the jurors understood the charge to allow conviction on an insufficient standard or to allow conviction on factors other than the government's proof. *Victor,* at ----, 114 S.Ct. at 1251. Thus, there is no reasonable likelihood that the jury in this case applied the instructions in a way that violated the Constitution. Therefore, following *Victor,* we similarly disapprove of the wording in Weston's charge but hold that it did not render the instruction unconstitutional in this case.

B. *Due Process on Direct Appeal:*

Weston claims that he was denied due process of law on direct appeal when the Louisiana Supreme Court failed to completely consider one of his designated assignments of error due to an incomplete transcript. Specifically, before the charge was read to the jury, the trial court made some general introductory comments.[2] The trial court then read the jury the charge, a copy of which was provided to Weston. The trial court overruled Weston's objection that he should have been provided a copy of the introductory remarks, and Weston later raised this argument on direct appeal. However, because the record did not contain the introductory remarks given by the trial court, the Louisiana Supreme Court did

---

[2]The trial court (1) acknowledged that it had been a long trial; (2) showed the jury the indictment; (3) told the jury that the indictment was "not evidence of the defendant's guilt" and had "no probative value whatsoever"; and (4) read the indictment to the jury.

4

not address the claim.

The remarks Weston refers to were simply introductory remarks and not jury instructions. Moreover, even if they were instructions, Weston does not challenge their accuracy, and reversal would have been required in the state courts only if they were inadequate. *See State v. Hawthorne,* 623 So.2d 899, 903 (La.App.), *writ denied,* 629 So.2d 417 (1993). Accordingly, there was no due process violation.

C. *Ineffective Assistance of Counsel:*

Weston argues that his trial counsel rendered ineffective assistance in preparing the direct appeal since he failed to obtain a complete record. However, as discussed above, even if the record had been complete, there was no possibility for reversal because Weston did not argue that the oral remarks were erroneous. Thus, Weston cannot show prejudice as required for this claim. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Accordingly, the district court's denial of Weston's petition is hereby AFFIRMED.