United States Court of Appeals,

Fifth Circuit.

No. 95-30010

Summary Calendar.

Charles SCHNEIDER, Petitioner-Appellant,

v.

Edgar C. DAY, Warden;  Richard P. Ieyoub, Attorney General, State
of Louisiana, Respondents-Appellees.

Jan. 31, 1996.

Appeal from the United States District Court for the Eastern
District of Louisiana.

Before GARWOOD, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:

### I. FACTS AND PROCEDURAL HISTORY

Charles Schneider was convicted of armed robbery in Louisiana
state court in 1986 and sentenced to 30 years of imprisonment at
hard labor without the benefit of parole, probation, or suspension
of sentence.  After unsuccessfully pursuing a direct appeal and
state habeas remedies, Schneider filed a state habeas petition
arguing that pursuant to *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct.
328, 112 L.Ed.2d 339 (1990), the trial court's jury charge
concerning reasonable doubt was unconstitutional.  The Louisiana
court of appeal and the Supreme Court of Louisiana rejected
Schneider's claims.  *See Schneider v. Louisiana,* 592 So.2d 513
(La.Ct.App. 1st Cir.1992), *writs denied,* 637 So.2d 492 (La.1994).

Schneider then petitioned for federal habeas relief.  After
the magistrate judge recommended that Schneider's petition be

1

denied, the district court denied the petition and granted Schneider a certificate of probable cause to appeal. On appeal, Schneider contends that the trial court's reasonable doubt instruction was unconstitutional and that his trial counsel was ineffective.

## II. ANALYSIS

Schneider argues that the district court erred in rejecting his challenge to the jury charge concerning reasonable doubt. The challenged jury instruction reads as follows:

> A person accused of a crime is presumed by law to be innocent until each element of the crime, necessary to constitute his guilt, is proven beyond a reasonable doubt. It is the duty of the jury in considering the evidence, and in applying to that evidence the law as given by the Court to give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence in the case. If you are not convinced of his guilt beyond a reasonable doubt, it is your duty to find him not guilty. A reasonable doubt is not a mere possible doubt. It should be an actual and substantial doubt. It is such a doubt as a reasonable man would seriously entertain. It is a serious sensible doubt as such you could give a good reason for. It is not sufficient you should believe guilt only probable. In fact, no degree of probability will authorize a conviction, but the evidence must be of such a character and tendency as to produce a moral certainty of the defendant's guilt to that exclusion of a reasonable doubt. Otherwise you should acquit.

The district court found that Schneider's complaint was without merit because *Skelton v. Whitley,* 950 F.2d 1037, 1041-46 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992), held that *Cage* stated a new rule that could not be applied retroactively to habeas petitions. The district court also found that, considering the Supreme Court's recent decision in *Victor v. Nebraska,* --- U.S. ----, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), the challenged instruction was not unconstitutional.

"[A] new rule should be applied retroactively if it requires the observance of those procedures that are implicit in the concept of ordered liberty." *Teague v. Lane,* 489 U.S. 288, 314, 109 S.Ct. 1060, 1076, 103 L.Ed.2d 334 (1989) (internal quotations and citations omitted). In *Skelton,* this court held that *Cage* did not fit within this exception of *Teague* and therefore was not retroactive. However, the Supreme Court then held that *Cage*-type error is structural. *Sullivan v. Louisiana,* --- U.S. ----, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). *Sullivan* thus implies that *Cage* meets the *Teague* exception and should be applied retroactively.

However, *Victor* modified the *Cage* standard of reviewing allegedly erroneous jury instructions. Therefore, as this court has noted, if *Sullivan* and *Teague,* command retroactivity, it is now *Victor,* not *Cage,* which should be applied retroactively. *Weston v. Ieyoub,* 69 F.3d 73 (5th Cir.1995); *Gaston v. Whitley,* 67 F.3d 121 (5th Cir.1995).

Accordingly, we apply *Victor* and hold that there is no reasonable likelihood that the jury in this case applied the instruction in a way that violated the Constitution. *Victor,* --- U.S. at ----, 114 S.Ct. at 1243. We note, however, that the Supreme Court cautioned against the continued use of phrases such as "moral certainty" and "substantial doubt." *Victor,* --- U.S. at ----, ---- - ----, 114 S.Ct. at 1248, 1251-52. Therefore, as we did in *Weston* and *Gaston,* we disapprove of the wording in Schneider's charge but hold that it did not render the instruction

3

unconstitutional in this case.

Similarly, Schneider's ineffective assistance of counsel claim is without merit. In *Gaston,* we held that failure to object to the questionable instruction in light of the state of the law at the time did not constitute deficient performance. *Gaston,* 67 F.3d at 123 (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). While Gaston's trial was in 1981 and Schneider's trial was in 1986, it was not until 1990 that the Supreme Court decided *Cage,* the basis for Schneider's claim today. Therefore, as in *Gaston,* Schneider's trial counsel's failure to object to the allegedly erroneous jury instruction did not deprive Schneider of a fair and impartial trial.

Accordingly, the district court's denial of Schneider's petition is hereby AFFIRMED.