**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-31081
(Summary Calendar)
_____

PAUL J. MAYEUX,

Petitioner-Appellant,

versus

BURL CAIN, Acting Warden;
RICHARD P. IEYOUB, Attorney
General,

Respondents-Appellees.

_____

Appeal from United States District Court
for the Eastern District of Louisiana
(95-CV-672-G)

_____

July 2, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Paul J. Mayeux appeals from the district court's order denying his petition for a writ of habeas

corpus, 28 U.S.C. §2254. He argues that the evidence was insufficient, and that recordings of

telephone conversations allegedly made in violation of his Fourth Amendment rights were erroneously

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

admitted into evidence. We have reviewed the record and the district court 's opinion on these issues and find no reversible error. Accordingly, we affirm for essentially the reasons stated by the district court. *Mayeux v. Whitley*, No. 95-0672 (E.D. La. Oct. 6, 1995).

Mayeux argues that the "reasonable doubt" jury instruction was unconstitutional under *Cage v. Louisiana*, 498 U.S. 39, 111 U.S. 328, 112 L. Ed. 2d 339 (1990), and *Sullivan v. Louisiana*, 508 U.S. 275, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993). The reasonable doubt instruction that Mayeux challenges is equivalent to the instruction upheld by this court in *Weston v. Ieyoub*, 69 F.3d 73, 74-75 (5th Cir. 1995). Because of the inclusion of the phrase "abiding conviction," there was no reasonable likelihood that the jury applied the instructions in a way that violated the constitution. *See Weston*, 69 F.3d at 75.

Mayeux asserts that the district court erred in affording the presumption of correctness to the state habeas court's finding that Mayeux failed to establish that the witness's statements were false. Assuming arguendo that the presumption of correctness does not apply, Mayeux has failed to establish that the prosecutor knowingly allowed the victim's perjured testimony to go to the jury. *See Blackmon v. Scott*, 22 F.3d 560, 565 (5th Cir.), *cert. denied*, __ U.S. __, 115 S. Ct. 671, 130 L. Ed. 2d 604 (1994).

Finally, Mayeux asserts that his trial counsel was ineffective and attempts to incorporate by reference the arguments which were presented to the district court in his habeas petition. An appellant may not incorporate in his brief his arguments from other pleadings. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

AFFIRMED.