**REVISED**

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 96-60394**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**PHILIP K. SHUNK and LINDA M. SHUNK,**

**Defendants-Appellants.**

_____

**Appeal from the United States District Court
for the Southern District of Mississippi**

_____

May 8, 1997

Before REAVLEY, KING, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

At issue is whether, in the light of the well-known proscriptions imposed by *Teague v. Lane*, 489 U.S. 288 (1989), on retroactive application of new rules to collateral review proceedings, the rule established in *United States v. Gaudin*, ___ U.S. ___, 115 S. Ct. 2310 (1995) (materiality element for 18 U.S.C. § 1001 to be decided by jury, not judge), can be applied retrospectively in a § 2255 proceeding pertaining to a similar offense (18 U.S.C. § 1006). The district court held that it could not and, therefore, denied § 2255 relief. We **AFFIRM**.

I.

Philip K. and Linda M. Shunk were charged with various offenses committed while they served as officers and directors of Republic Bank for Savings, F.A. (Republic). The pertinent charges were conspiracy to misapply funds of Republic, to defraud Republic, and to deceive Federal Home Loan Bank Board examiners by making false statements in the reports of, and statements for, Republic, in violation of 18 U.S.C. §§ 2 and 371; and Philip Shunk's making false statements in Republic's records and reports, in violation of 18 U.S.C. § 1006.

At trial, the Shunks proposed an instruction that would have submitted the materiality *vel non* of the false statements to the jury; but, the court ruled, over the Shunks' objection, that such materiality had been established as a matter of law. The jury found against the Shunks.

The Shunks withdrew their direct appeal in 1992. Concomitantly, having cooperated with the Government on related criminal charges against other Republic officers, they received substantial FED. R. CRIM. P. 35 sentence reductions.

This notwithstanding, the Shunks sought relief in 1995 under 28 U.S.C. § 2255, contending that their convictions were unlawful because the district court had refused to present the materiality element to the jury, contrary to the Supreme Court's then recent decision in **United States v. Gaudin**, 115 S. Ct. 2310 (1995). But, the court concluded that, under **Teague**, **Gaudin** could not be applied retroactively in this § 2255 proceeding.

The Shunks contest the non-application of **Gaudin**.  We must first consider a possible procedural bar and the effect, if any, of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.

A.

An immediate *sua sponte* query is why, given our procedural bar rule, *see* **United States v. Guerra**, 94 F.3d 989, 992-93 (5th Cir. 1996), the Shunks can even proceed under § 2255, in that they withdrew their direct appeal in exchange for reduced sentences under their Rule 35 agreement with the Government.  *See* **id.** at 993 (defendant precluded from collaterally attacking conviction where he "had the opportunity to raise contested issues in a direct appeal from his conviction but failed to do so").

Although the Government asserted a procedural bar in district court, the court did not reach that issue because of its **Teague** ruling.  On appeal, the Government has not pursued the procedural bar issue, although it could have sought affirmance, of course, on that basis.  *E.g.*, **Cross v. Lucius**, 713 F.2d 153, 157 n.3 (5th Cir. 1983) ("We may, of course, affirm the district court's decision on any ground urged below, regardless of whether it was relied on by the district court."); **Williams v. Butler**, 819 F.2d 107, 108 n.1 (5th Cir. 1987).  Because the Government does not present that issue here, we will not address it.  *E.g.*, **In re Asbestos Litigation**, 90 F.3d 963, 990 n.19 (5th Cir. 1996), *petition for*

*cert. filed*, 65 U.S.L.W. 3611 (U.S. Feb. 27, 1997) (No. 96-1379); **Webb v. Investacorp, Inc.**, 89 F.3d 252, 257 n.2 (5th Cir. 1996).

### B.

Section 2255 relief was denied in May 1996. The previous month, AEDPA had been signed into law.

### 1.

For a § 2255 proceeding, AEDPA amended 28 U.S.C. § 2253 to require obtaining a certificate of appealability (COA) from a "circuit justice or judge" before an appeal may be taken from the final order. AEDPA, § 102; 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, the applicant must make a "substantial showing of the denial of a constitutional right". 28 U.S.C. § 2253(c)(2). This standard, which applies to this appeal, requires the same showing as that formerly required for obtaining a § 2253 certificate of probable cause (federal habeas challenging state detention). *See* **United States v. Orozco**, 103 F.3d 389 (5th Cir. 1996); **Drinkard v. Johnson**, 97 F.3d 751, 756 (5th Cir. 1996) *cert. denied*, 117 S. Ct. 1114 (1997).

Although the Shunks have not requested a COA, we treat their notice of appeal as such a request. *See* **Orozco**, 103 F.3d at 392; *see also* FED. R. APP. P. 22(b). The COA is **GRANTED**.

### 2.

The **Teague** issue at hand is quite similar to subpart (3) of the new limitations period imposed by AEDPA's § 105. As amended, § 2255 provides in pertinent part:

- 4 -

> A 1-year period of limitation shall apply to a [§ 2255] motion .... The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final; ...
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review....

The Shunks sought § 2255 relief more than a year after their convictions became final; therefore, if the new limitations period under AEDPA applies, they must satisfy subpart (3). As is immediately apparent, it is almost a restatement of the *Teague* issue here. We will not pause, however, to decide whether this new limitations rule has retrospective application. Needless to say, it presents important and difficult issues. And, there are obvious and quite forceful arguments against its application. *See* ***United States v. Rocha***, 1997 WL 123580, *1-*3 (5th Cir. 1997); ***Orozco***, 103 F.3d at 390-92; ***Lindh v. Murphy***, 96 F.3d 856, 861-67 (7th Cir. 1996), *cert. granted in part*, 117 S. Ct. 726 (1997). In any event, neither side has presented the issue. We are satisfied that we need not decide it and can, instead, proceed to the *Teague* question.

### C.

The Shunks contend that, in refusing to allow the jury to decide materiality, the district court ran afoul of the Supreme Court's subsequent decision in ***Gaudin.*** Whether *Teague* bars application of ***Gaudin*** in this § 2255 proceeding is a question of

- 5 -

law reviewed *de novo*.  *E.g.*, **United States v. Gipson**, 985 F.2d 212, 214 (5th Cir. 1993).

In **Gaudin** the Court held that, because materiality was an element of the crime of making false statements in a matter within the jurisdiction of a federal agency, 18 U.S.C. § 1001, a defendant was entitled to have a jury decide whether the Government had proved that element beyond a reasonable doubt.  **Gaudin**, 115 S. Ct. at 2313-14.

At issue is 18 U.S.C. § 1006 — making false entries in the records of certain federal banking institutions.  That section, unlike § 1001, does not explicitly mention the words "material" or "materiality"; but, this circuit has held that materiality is an element for a § 1006 offense.  *See* **United States v. Pettigrew**, 77 F.3d 1500, 1511 (5th Cir. 1996); **United States v. Tullos**, 868 F.2d 689, 693-94 (5th Cir. 1989); **United States v. Stovall**, 825 F.2d 817, 822 (5th Cir.), *amended*, 833 F.2d 526 (5th Cir. 1987). Therefore, under the reasoning of **Gaudin**, the refusal to give the Shunks' proposed jury instruction on materiality deprived them of their Fifth and Sixth Amendment right to a jury determination of guilt beyond a reasonable doubt on every element of the offense. **Gaudin**, 115 S. Ct. at 2313.

Shortly before oral argument for this appeal, the Court held in **United States v. Wells**, 117 S. Ct. 921, 926-29 (1997), that materiality was *not* an element for violation of 18 U.S.C. § 1014 — making false statements to federally insured financial institutions.  The Government contends that, because § 1006 is

- 6 -

similar to § 1014, materiality is also not an element for a § 1006 violation. But, as noted, our court has held that materiality *is* an element for a § 1006 offense, and we decline to not follow that precedent based on a Supreme Court decision dealing with a different section. *United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306-07 (5th Cir. 1991) ("[A]bsent an unequivocal contrary holding by the Supreme Court, we must adhere to our prior decisions...."). Instead, we assume that materiality remains an element for a § 1006 offense.

On the other hand, the Court held in *Teague* that, "[u]nless they fall within an exception to the general rule, *new* constitutional rules of criminal procedure will not be applicable to those cases which have become final before the *new* rules are announced". *Teague*, 489 U.S. at 310 (emphasis added). The Shunks' convictions became final in 1992, when they withdrew their direct appeal; *Gaudin* was rendered in 1995. Therefore, if *Teague* applies, the *Gaudin* rule must fall within one of the *Teague* exceptions or the Shunks are precluded from raising *Gaudin* error in this § 2255 proceeding.

1.

The Shunks' maintain that *Teague* does not apply, insisting that *Gaudin* created a rule of substantive criminal law, not of criminal procedure; and that it is not "new" within the meaning of *Teague*. Each contention fails.

a.

The claim that *Gaudin* is a rule of substantive law is premised on the contention that it alters what the Government must prove in a criminal matter. But *Gaudin* explicitly states that the rule it created was procedural. *Gaudin*, 115 S. Ct. at 2319. Moreover, *Gaudin* did not change what the Government must prove; materiality was always an element of a § 1001 offense. *See, e.g.*, *Tullos*, 868 F.2d at 693-94. Instead, *Gaudin* changed the party to whom the Government must prove materiality — from judge to jury. *Gaudin*, 115 S. Ct. at 2313-14.

b.

In addition, *Gaudin* created a "new" rule within the meaning of *Teague*. Although defining the parameters of "newness" for retroactivity purposes is often difficult, the Court has stated that, "in general ... a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government". *Teague*, 489 U.S. at 301. Restated, a new rule is one where "the result was not *dictated* by precedent existing at the time the defendant's conviction became final". *Id.*

The Shunks maintain that the *Gaudin* rule is not "new" because of the manner in which the Court decided that case. It held that a defendant has a constitutional right to have a jury find him guilty of all elements of the crime beyond a reasonable doubt; materiality is an element for a § 1001 violation; therefore, a defendant has a constitutional right to have a jury decide that issue. *Gaudin*, 115 S. Ct. at 2313-14; 18 U.S.C. § 1001. The Shunks' read this syllogism to mean that *Gaudin* implicitly concluded that the result

was dictated by existing precedent, a reading they bolster with the Court's treatment of the Government's contentions in that case. *See Gaudin*, 115 S. Ct. at 2315 ("[T]he Government's position ... has absolutely no historical support."); *id.* at 2318 ("[The Government's] proposition is contrary to the uniform general understanding [of] the Fifth and Sixth Amendments ...."); *id.* at 2318-20 (dismissing Government's *stare decisis* contention by distinguishing prior Court cases).

This notwithstanding, having the judge, instead of the jury, decide materiality was accepted practice throughout the Country prior to *Gaudin*. *See United States v. Gaudin*, 28 F.3d 943, 955 (9th Cir. 1994) (en banc) (Kozinski, J., dissenting) ("Every other circuit to have considered whether materiality under 18 U.S.C. § 1001 is a question of fact or a question of law — which means every circuit except the Federal — has held that it's a question of law ....") (collecting cases), *aff'd*, 115 S. Ct. 2310 (1995). In fact, the *Gaudin* Court acknowledged that its prior precedent, such as *Sinclair v. United States*, 279 U.S. 263 (1929), came very close to supporting the Government's position in *Gaudin*, although *Sinclair* was not "strictly controlling". *Gaudin*, 115 S. Ct. at 2318. The Court, therefore, was forced to conclude that it could not "hold for [Gaudin] today while still adhering to the reasoning and the holding of [*Sinclair*]". *Id.* In short, *Gaudin* created a new rule for *Teague* purposes.

2.

The **Teague** rule that new criminal procedural rules cannot be applied retroactively on collateral review has two exceptions.  The first, which the Shunks do not claim applies, is when the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe". **Teague**, 489 U.S. at 307 (citation and quotation marks omitted).

They do, however, claim shelter under the second exception, which is for those new rules requiring the observance of procedures "implicit in the concept of ordered liberty".  **Id.** (citation and quotation marks omitted).  The Court described them as watershed rules of criminal procedure" that are "central to an *accurate determination* of innocence or guilt".  **Id.** at 311, 313 (emphasis added).  Needless to say, and as the Court noted, it is "unlikely that many such components of basic due process have yet to emerge".  **Id.** at 313.  In contending that **Gaudin** created such a watershed rule, the Shunks rely on Supreme Court and Fifth Circuit cases involving jury instructions on reasonable doubt.

The Court held in **Cage v. Louisiana**, 498 U.S. 39, 41 (1990), that the reasonable doubt instruction in issue was unconstitutional because it impermissibly reduced the Government's burden of proof.  However, our court held that **Cage** error was not applicable retroactively on collateral review because it did not meet the second (watershed) **Teague** exception.  **Skelton v. Whitley**, 950 F.2d 1037, 1044-46 (5th Cir. 1992).

Next, in **Sullivan v. Louisiana**, 113 S. Ct. 2078, 2082-83 (1993), the Court held that **Cage** error was a "structural[] defect

in the constitution of the trial mechanism", making it not amenable to harmless error analysis.  Our court stated later in *Schneider v. Day*, 73 F.3d 610, 611 (5th Cir. 1996), that this conclusion was an implicit recognition that *Cage* error met this second *Teague* exception.  (As discussed *infra*, this statement in *Schneider* is *not* binding precedent.)

Moreover, our court held recently in *Pettigrew*, 77 F.3d at 1511, that *Gaudin* error is structural, making harmless error analysis inapplicable.  *Pettigrew* so held because the jury did not render a verdict as to the element of materiality.  *Id.*

The even more recent statement in *United States v. Jobe*, 101 F.3d 1046, 1062 (5th Cir. 1996), that *Pettigrew* does not establish *Gaudin* error as  "*per se* reversible" is not inconsistent with such error being structural.  In *Jobe*, unlike in *Pettigrew*, the defendants did not object at trial to the jury charge; therefore, any *Gaudin* error was subject to our narrow plain error review.  *Id.* at 1061.  Restated, *Jobe* determined simply that the fact that *Gaudin* error requires reversal when preserved does not mean that it likewise requires reversal when not preserved.

Here, the Shunks — as was done in *Pettigrew* — objected at trial to the charge; thus, *Pettigrew* controls.  Accordingly, the Shunks reason that, because we stated in *Schneider* that *Cage* structural error met the second *Teague* exception, we must hold likewise for *Gaudin* error.  We disagree.

a.

- 11 -

First, in **Brown v. Cain**, 104 F.3d 744, 753 (5th Cir. 1997), *cert. denied*, 1997 WL 194482 (U.S. Apr. 23, 1997) (No. 96-8624), our court held very recently that the **Cage**/**Teague** statement in **Schneider** is not binding precedent in this circuit. This is because in an earlier, unpublished opinion, **Smith v. Stalder**, No. 93-3683, 26 F.3d 1118 (5th Cir. 1994) (per curiam) (table), our court concluded that **Sullivan** did *not* affect our conclusion in **Skelton** that **Cage** error did not fall within the second **Teague** exception, because **Sullivan** was a direct appeal and did not involve the retroactive application of the **Cage** rule. "Unpublished opinions issued before January 1, 1996 are precedent", 5TH CIR. LOCAL R. 47.5.; and, it goes without saying that, except under circumstances not present here, one panel is not free to disregard the decision of a prior panel. *E.g.*, **Brown**, 104 F.3d at 753. We are, therefore, bound by the earlier holding in **Smith**; any discrepancy between it and **Schneider** can be corrected only by our court *en banc*. **Id.**; **FDIC v. Dawson**, 4 F.3d 1303, 1307 (5th Cir. 1993).

b.

In addition, we have a far more fundamental disagreement with the Shunks' position. Even assuming *arguendo* that **Cage** error meets the second **Teague** exception, it does not necessarily follow that *all* structural errors do. As noted, rules requiring the observance of procedures "implicit in the concept of ordered liberty" are "watershed" rules, of which few have yet to emerge. Requiring the Government to prove materiality to the jury, instead of the judge,

is not a "watershed" rule of criminal procedure, even though *Gaudin* was a clear break with prior decisions. Obviously, the fact that the *Gaudin* rule is new does not necessarily make it "watershed". Furthermore, one can easily envision a system of "ordered liberty" in which certain elements of a crime can or must be proved to a judge, not to the jury.

In sum, *Gaudin* error does not meet the second *Teague* exception. *Accord* **United States v. Swindall**, 107 F.3d 831, 836 (11th Cir. 1997) ("The *Gaudin* rule ... is not a watershed rule ... that alters our understanding of the bedrock procedural elements essential to the fairness of a proceeding.").

## III.

Accordingly, the denial of § 2255 relief is

*AFFIRMED.*