IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30544
Summary Calendar
_____

RICHARD DURR,

Petitioner-Appellant,

versus

KELLY WARD, Warden,
Wade Correctional Center,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
(94-CV-431-A)
- - - - - - - - - -

November 12, 1999

Before POLITZ, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Richard Durr, Louisiana state prisoner # 89593, appeals the denial of his application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Durr raises the following arguments on appeal: (1) The jury instructions for reasonable doubt unconstitutionally lowered the state's burden of proof at Durr's criminal trial; (2) Durr's attorney rendered ineffective assistance of counsel because he failed to file a timely motion to sever, failed to request a bill of particulars, and failed to object to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

errors in the record; (3) the conviction was not supported by sufficient evidence; (4) the trial court imposed an improper sentence; and (5) Durr was improperly denied bail. Durr also filed a motion for appointment of counsel on appeal. This motion is DENIED.

The state trial court's reasonable doubt instruction was not unconstitutional. *See Victor v. Nebraska*, 511 U.S. 1 (1994); *Cage v. Louisiana*, 498 U.S. 39 (1990). We have approved a jury instruction essentially identical to the one given at Durr's trial. *See Gaston v. Whitley*, 67 F.3d 121, 121-22 (5th Cir. 1995).

Durr next asserts that his attorney rendered ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Durr attempts to incorporate by reference the arguments from his habeas petition. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)(holding that a petitioner may not incorporate by reference arguments in other pleadings). Durr makes conclusional allegations of deficient performance and prejudice, which are insufficient to establish constitutionally deficient performance of counsel. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

The remaining issues asserted by Durr on appeal were voluntarily abandoned in his amended complaint. As such, they were not before the district court and are thus raised for the first time on appeal. We will not consider issues raised for the first time on appeal. *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The district court's denial of Durr's habeas petition is AFFIRMED.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.