IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30576
Summary Calendar
_____


LLOYD J DUPUIS

            Petitioner - Appellant

    v.


BURL CAIN, Warden, Louisiana State Penitentiary

        Respondent - Appellee

        --------------------
    Appeal from the United States District Court
      for the Western District of Louisiana
             USDC No. 98-CV-302
        --------------------
            June 26, 2000

Before KING, Chief Judge, and JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Petitioner-Appellant Lloyd J. Dupuis, Louisiana state prisoner # 128999, appeals the denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Dupuis argues five points of error on appeal.  First, Dupuis argues that the district court erred in failing to conduct an evidentiary hearing on his ineffective-assistance-of-counsel claim.  Next, Dupuis contends that his reasonable-doubt jury instruction was unconstitutional pursuant to Humphrey v. Cain, 138 F.3d 552, 553

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir.) (en banc), <u>cert. denied</u>, 525 U.S. 935, 943 (1998) and <u>Cage v. Louisiana</u>, 498 U.S. 39 (1990). Dupuis' third issue anticipates a contemporaneous-objection argument from the state on the <u>Cage</u> claim. His fourth argument states why his <u>Cage</u> claim is not procedurally barred. In his fifth issue, Dupuis again argues ineffective-assistance-of-counsel in the event this court determines that the absence of a contemporaneous objection acts as a procedural bar to the <u>Cage</u> claim.

Dupuis obtained a certificate of appealability (COA) on only the <u>Cage</u> issue from the district court. Dupuis noticed his intent to appeal the district court's determination of this single issue. Therefore, the only issue before this court is whether the district court erred in dismissing Dupuis' reasonable-doubt jury instruction claim.

The respondent's procedural-bar issue, anticipated by Dupuis, is not properly before this court. Respondent did not raise the issue below in his answer and memorandum in opposition to habeas relief. The district court did not raise procedural bar, and procedural bar is not part of the issue certified for appeal. This court cannot address the procedural-bar defense. <u>Lackey v. Johnson</u>, 116 F.3d 149, 151-52 (5th Cir. 1997).

We have reviewed the briefs and conducted a *de* novo review of the record and hold that the state trial court's reasonable-doubt instruction was not unconstitutional. <u>See</u> <u>Victor v. Nebraska</u>, 511 U.S. 1 (1994); <u>Cage</u>, 498 U.S. at 39. We have approved a jury instruction essentially identical to the one

given at Dupuis' trial.  See Schneider v. Day, 73 F.3d 610, 611-12 (5th Cir. 1996).

The district court's denial of Dupuis' habeas petition is AFFIRMED.