**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 9, 2009

Charles R. Fulbruge III
Clerk

No. 07-30977
Summary Calendar

DAVID GRILLETTE,

Petitioner-Appellant

v.

WARDEN WINN CORRECTIONAL CENTER,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:02-CV-722

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Grillette, Louisiana prisoner # 114695, is currently imprisoned after being convicted by a jury of aggravated burglary and armed robbery. Grillette challenged the constitutionality of his convictions in a 28 U.S.C. § 2254 petition, which the district court denied on the merits. Grillette was issued a certificate of appealability on the issues whether his attorney provided ineffective assistance by failing to object to the jury instruction regarding (1) reasonable doubt and (2) the criminal intent required for aggravated burglary.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to § 2254(d), federal courts defer to a state court's adjudication of a petitioner's claims on the merits unless the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1), (2); *see also Tassin v. Cain*, 517 F.3d 770, 776 n.18 (5th Cir. 2008).

To establish ineffective assistance, Grillette must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the deficiency prong, the defendant is required to show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Under the prejudice prong, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Grillette first argues that the reasonable doubt jury instruction used in his case violated the principles announced in *Cage v. Louisiana*, 498 U.S. 39 (1990), because it contained the terms actual, substantial, and serious, as well as the phrase "such as one could give a good reason for." Grillette contends that his counsel performed deficiently when he failed to object to the instruction and that his counsel's performance prejudiced him because there is a reasonable probability that the outcome of the trial would have been different if the jury had been properly instructed. Grillette also contends that the state courts unreasonably refused to extend the principles set forth in *Cage* and *Victor v. Nebraska*, 511 U.S. 1 (1994), to the facts of his case.

2

The record reflects that the reasonable doubt jury instruction was issued in July 1990. *Cage* was not decided until November 13, 1990. 498 U.S. at 39. Grillette's counsel was not deficient for failing to object to the instruction on the basis of *Cage* before *Cage* was decided. *Gaston v. Whitley*, 67 F.3d 121, 123 (5th Cir. 1995); *see United States v. Fields*, 565 F.3d 290, 296-97 (5th Cir. 2009), *petition for cert. filed*, (June 8, 2009) (No. 09-5648).

Even if we assume that the failure to object to the reasonable doubt instruction constituted deficient performance, Grillette must show that the error caused him prejudice. *See Strickland*, 466 U.S. at 694. That is, Grillette must show that but for trial counsel's failure to object to the instruction, the jury would not have convicted him. *See id.* The pertinent inquiry is whether there was a reasonable likelihood that the jury reached its verdict based on an unconstitutional interpretation of the reasonable doubt instruction. *See Victor*, 511 U.S. at 22-23.

In *Schneider v. Day*, 73 F.3d 610, 611-12 (5th Cir. 1996), we concluded that under *Victor* the instruction, which is substantially similar to the instruction given in the instant case, was constitutionally acceptable. We also held that counsel had not rendered ineffective assistance. *Id.* at 612. Schneider's instruction included, in addition to the instructions on reasonable doubt challenged by Grillette, that "the evidence must be of such a character and tendency as to produce a *moral certainty* of the defendant's guilt to [the] exclusion of a reasonable doubt." *Id.* at 611. The use of the phrase moral certainty was condemned in *Cage*. *See Victor*, 511 U.S. at 5-6. Other than the instructions deemed acceptable in *Schneider*, Grillette's instruction included the following explanation that reasonable doubt must be "an honest, substantial misgiving, or doubt, arising from the proof or want of proof in the case." This additional explanation of reasonable doubt does not alter the State's burden required by the Due Process Clause and in fact, referred the jury back to the evidence presented in the case. On these facts and in light of the deference owed

3

to the AEDPA, we cannot hold that the decision reached by the state courts and the district court is objectively unreasonable. *See Mahler v. Kaylo*, 537 F.3d 494, 499 (5th Cir. 2008).

Grillette next argues that the specific intent instruction used in his case for purposes of the aggravated burglary charge violated the principles announced in *Sandstrom v. Montana*, 442 U.S. 510 (1979) because it contained the phrase "[a] person is presumed to intend the natural and probable consequences of his acts." Grillette contends his counsel performed deficiently when he failed to object to the instruction and that his counsel's performance caused him prejudice because no evidence was introduced regarding his specific intent to commit an unauthorized entry into the victim's residence. Grillette contends that the state courts' contrary decision regarding prejudice constitutes an unreasonable application of clearly established federal law, especially in light of the state courts' failure to conduct a harmless error analysis.

The court's jury charge included a specific intent instruction which contained the following statement: "A person is presumed to intend the natural and probable consequences of his acts." The inclusion of this instruction was error, and counsel's failure to object to the instruction constituted deficient performance. *Sandstrom*, 442 U.S. at 524-27; *see, e.g.*, *Harris v. Warden, Louisiana State Penitentiary*, 152 F.3d 430, 440 (5th Cir. 1998).

A *Sandstrom* error is a trial error to which the harmless error rule applies. *See Robertson v. Cain*, 324 F.3d 297, 304 n.3 (5th Cir. 2003). A *Sandstrom* error requires habeas relief only if it had a "substantial and injurious effect or influence in determining the jury's verdict." *Robertson*, 324 F.3d at 307. If an error is harmless, it is not prejudicial under *Strickland*. *Harris*, 152 F.3d at 440 n.11.

To establish that Grillette committed aggravated burglary, the State was required to prove beyond a reasonable doubt that Grillette entered Hill's residence without authorization while Hill was present and that Grillette

entered with the specific intent to commit a theft or a felony therein (in this case, armed robbery); in addition, the State had to prove that Grillette was armed or became armed with a dangerous weapon or committed a battery while in, upon entering, or upon leaving Hill's residence. *See State v. Lockhart*, 438 So. 2d 1089, 1090 (La. 1983). Specific intent is the state of mind that exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act. LA. REV. STAT. ANN. § 14:10(1). Specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant. *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000).

The trial testimony established that Grillette and Robert Smith, went to the residence of 84-year-old Ed W. Hill, who lived alone. Knocking to awaken Hill, whom he had known for eighteen years, Grillette identified himself by name and stated that his father needed help. When Hill opened the door, Grillette asked for money; Hill refused. As Hill turned to go back into his mobile home, Grillette struck Hill in the back of the head with a large iron bar, and immediately entered Hill's residence. Grillette then proceeded through the home, rummaging for items of property. At one point, Hill moved, and Grillette struck him with the butt of a shotgun. Hill feigned death until Grillette and Smith departed, taking firearms, a television, and Hill's truck. The next morning, Hill was discovered by his neighbor, who called the police. Hill identified Grillette as his assailant.

Grillette never argued the issue of intent, asserting instead that Hill misidentified him and that Susan Smith was the real perpetrator. The jury accepted the testimony of Hill and Robert Smith regarding the identity of the perpetrator and rejected Grillette's denial of involvement. The State produced evidence sufficient for the jury to find that Grillette went to Hill's mobile home to get money to pay a debt, entered the mobile home after Hill refused to give Grillette money, and struck Hill with a dangerous weapon. Once the jury rejected Grillette's non-involvement defense, no rational jury could have found

that Grillette acted without the requisite legal intent. *See Johnson v. Blackburn*, 778 F.2d 1044, 1049-50 (5th Cir. 1985) (holding that petitioner was not denied effective assistance of counsel by counsel's failure to make objection to intent-shifting instruction). Thus, the improper specific intent instruction in Grillette's case did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Robertson*, 324 F.3d at 307. Because counsel's failure to object to the erroneous instruction was harmless, the error was not prejudicial. *See Harris*, 152 F.3d at 439, 440 n.11; *Johnson*, 778 F.2d at 1049-50. Accordingly, Grillette has not established ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687.

Grillette has not shown that state court's ruling was contrary to or an unreasonable application of federal law. *See* § 2254(d). The judgment of the district court is AFFIRMED.