**Preston WEST**

v.

**UNITED STATES of America**

**United States of America**

v.

**Preston West**

**Civil No. S 00–3521.**
**Criminal No. S 97–0175.**

United States District Court,
D. Maryland.

Dec. 4, 2000.

Preston West, Lewisburg, PA, pro se.

Lynne A. Battaglia, U.S. Attorney, Robert Harding, U.S. Attorney's Office, Baltimore, MD, for United States of America.

### MEMORANDUM OPINION (As corrected December 5, 2000)

SMALKIN, District Judge.

This is the first Section 2255 motion filed by Preston West, whose multiple convictions were affirmed by the Fourth Circuit in *United States v. West*, 187 F.3d 633, No. 98–4123 (4th Cir. Aug.9, 1999). Mr. West's petition for *certiorari* was denied on December 6, 1999. *West v. United States*, 528 U.S. 1055, 120 S.Ct. 601, 145 L.Ed.2d 499 (1999). The present motion, thus, is timely under the one-year limitations provision of 28 U.S.C. §.2255, as amended.

Mr. West was sentenced to concurrent terms of 480 months for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and 120 months for conspiracy to commit murder in aid of racketeering, 18 U.S.C. § 1959(a)(5), and two concurrent terms, each of 240 months for distribution of cocaine in violation of 21 U.S.C. § 841(b)(1)(C).

The present motion is based upon the decision of the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). There is no attack mounted on the sentence imposed under counts 1, 3, and 4. (Even, though counts 3 and 4 involved drug offenses, they fall within the 20–year statutory maximum for simple distribution of cocaine, and, therefore, they are not subject to *Apprendi* attack in the first place. *United States v. Angle*, 230 F.3d 113 (4th Cir.2000)). The *Apprendi* attack here is only as to count 2, the conspiracy charge.

It is true that the indictment in this case did not charge a specific drug quantity sufficient to raise the conspiracy count's maximum sentence beyond 20 years under *Apprendi*, nor was there any drug quantity finding submitted to, or made by, the jury. Rather, as had routinely been the case in this District and Circuit, as well as all others before *Apprendi*, the Court determined, by a preponderance of the evidence, the quantity of drugs for which defendant bore sentencing responsibility under the provisions of U.S.S.G. §§ 2D1.1 and 1B1.3. In this case, the Court found that the cocaine amount for which defendant was responsible was between 50 and 150 kilograms, justifying a base offense level of 36, which, when adjusted under the Sentencing Guidelines, produced a total offense level of 44, on the basis of which the defendant was sentenced to a term in excess of 240 months on count 2.

The first question is whether the *Apprendi* rule, insofar as it requires mention of a specific drug quantity in the indictment, and subsequent proof of that amount accepted by the jury beyond a reasonable doubt, in order to raise the sentence above 20 years in a section 846 cocaine offense is a "new rule" retroactively applicable to cases on collateral review under the holding of the Supreme Court in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). (It appears that *Teague* continues to be applied to initial collateral relief petitions filed after the effective date of the ADEPA. *See, e.g., O'Dell v. Netherland*, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997).) There is no question, in my judgment, that *Apprendi* announced a "new rule" under the *Teague* analysis, as it completely abrogated existing law in every federal circuit.

The *Teague* holding is to the effect that new rules are not to be applied retroactively to collateral review petitions unless the new rule involves the criminalization of "primary, private individual conduct" beyond the power of the legislature to proscribe (obviously not the case here) or involves a "watershed" or "bedrock" principle implicating the fundamental fairness of the trial process. *Teague*, 489 U.S. at 311–14, 109 S.Ct. 1060.

District courts that have addressed the issue of *Apprendi* retroactivity under *Teague* have reached differing results.

For example, in *United States v. Murphy*, 109 F.Supp.2d 1059, 1064 (D.Minn.2000), the District Court concluded that "*Apprendi* is so grounded in fundamental fairness that it may be considered of watershed importance," thus justifying retroactive application. On the other hand, in *United States v. Pittman*, 120 F.Supp.2d 1263 (D.Or.2000), the court declined to give *Apprendi* retroactive application in a federal drug case. In doing so, the *Pittman* court relied, in part, on the decision of the Ninth Circuit in *Jones v. Smith*, 231 F.3d 1227 (9th Cir.2000), which refused to give *Teague* retroactivity to *Apprendi*. This Court, based on the reasoning of *Pittman* and *Jones*, concludes that they express the better view of the law, and it agrees with their analysis, to the effect that *Apprendi* should not fall within the second exception to the non-retroactivity rule of *Teague*.

The Court recognizes that both *Pittman* and *Jones* are somewhat distinguishable from the present case, in that neither case directly dealt with the issue of the absence of a specific jury finding of drug quantity beyond a reasonable doubt. It would appear, however, that the *Teague* retroactivity analysis of a Supreme Court case is not made on a piecemeal basis, but, rather, on an "all or nothing basis". *See Pittman*, slip. op. at 4. Even if, though, the Court were to apply the *Teague* analysis only to the question of the absence of a jury finding on drug quantity beyond a reasonable doubt, the Court would, for reasons such as those set forth in *United States v. Mandanici, Jr.*, 205 F.3d 519, 528–31 (2nd Cir.), *cert. denied*, — U.S. —, 121 S.Ct. 190, 148 L.Ed.2d 132 (2000)(discussing a similar issue (*Teague* retroactivity of the requirement of a finding of materiality beyond a reasonable doubt in a federal false statements prosecution)) conclude that there is no "watershed principle" in *Apprendi* requiring retroactive application under *Teague*.

Finally, this Court notes that, in *United States v. Martinez*, 139 F.3d 412, 419 (4th Cir.1998), *cert. denied*, 525 U.S. 1073, 119 S.Ct. 807, 142 L.Ed.2d 667 (1999), the Fourth Circuit recently observed that the Supreme Court has never identified any watershed rule within the "second exception" of *Teague*, and the Fourth Circuit itself, in *Martinez*, refused to give retroactive effect to the decision in *Crosby v. United States*, 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993) (presence of defendant at trial).

For the reasons stated, the Court will enter an Order separately, summarily denying and dismissing the present petition under Rule 4(b), Rules Governing Section 2255 Cases, as there is no factual dispute or issue of legal merit raised by the present motion, as discussed above, thus leading to the conclusion that movant is plainly entitled to no relief in this Court.