# UNITED STATES of America

## v.

## Dennis Wayne LANG.

### Nos. 3:96–CR–326–P, 3:01–CV–0068–P.

United States District Court,
N.D. Texas,
Dallas Division.

April 5, 2001.

Dennis Wayne Lang, El Reno, OK, pro se.

Susan Beth Cowger, Jerri Lynn Sims, Chad E. Meachum, Darnecia Campbell, U.S. Attys. Office, Dallas, TX, for United States.

## MEMORANDUM OPINION AND ORDER

SOLIS, District Judge.

Movant, Dennis Wayne Lang, filed a motion to correct, vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. Movant is an inmate in the federal prison system. Respondent is the United States of America.

A jury convicted Movant of conspiracy to possess with intent to distribute a controlled substance, methamphetamine. The Court sentenced Movant to 120 months' confinement, supervised release for a period of five years, and a fine of $2,500. Movant appealed. The Fifth Circuit Court of Appeals affirmed the conviction and sentence, but reversed and vacated the Court's imposition of the fine. *United States v. Winter,* 189 F.3d 467 (5th Cir. 1999) (unpublished). Movant then filed a motion for post-conviction relief under 28 U.S.C. § 2255. Respondent filed an answer.

## ISSUES PRESENTED

Movant claims that (1) he was denied the effective assistance of counsel; and (2) the quantity and type of drugs should have been decided by the jury.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Movant raises two claims of ineffective assistance of counsel. He complains that counsel (1) subpoenaed an alibi witness whom he failed to call as a witness and (2) failed to obtain a witness' statement from a DEA agent. The Sixth Amendment to the United States Constitution guarantees a defendant in a criminal

case reasonably effective assistance of counsel. U.S. CONST. amend VI; *Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To obtain post-conviction relief based upon ineffective assistance of counsel, a defendant must satisfy the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must first demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. He then must show that this deficient performance prejudiced the defense such that the outcome of the trial would have been different. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. A defendant must affirmatively show how the actions of his attorney deprived him of a fair trial. *Czere v. Butler,* 833 F.2d 59, 63–64 (5th Cir.1987). Conclusory allegations are insufficient to justify habeas corpus relief. *See United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied,* 467 U.S. 1251, 104 S.Ct. 3534, 82 L.Ed.2d 839 (1984); *see also United States v. Jones,* 614 F.2d 80, 82 (5th Cir.), *cert. denied,* 446 U.S. 945, 100 S.Ct. 2174, 64 L.Ed.2d 801 (1980).

■ Movant claims his counsel subpoenaed Jennye Kincaid, but failed to call her to testify. Predictions of an uncalled witness' testimony are largely speculative, and the choice of witnesses is a matter of trial strategy. *See McCoy v. Cabana,* 794 F.2d 177, 183 (5th Cir.1986). Significantly, Movant does not provide an affidavit or other evidence from the uncalled witness. He makes the unsubstantiated claim that the witness "had crucial testimony" with respect to Movant's alibi. The limited information Movant provides fails to establish either deficient performance or prejudice.

■ Ian Beezer pled guilty to conspiracy to possess with intent to distribute methamphetamine in an earlier criminal proceeding. (Trial transcript ("Tran."), Vol. 7 at 60–66.) At the trial in this case, Beezer testified Movant was involved in the conspiracy and helped him transport a briefcase of cash to DFW airport on December 22, 1994. (Tran., Vol. 7 at 188–89.) Counsel called Movant's wife as an alibi witness. (Tran., Vol. 9 at 161–171.) Movant's wife testified she and Movant spent the night of December 21, 1994 with Movant's mother, Jennye Kincaid, in Merkel, Texas. Movant's wife testified they went to Sweetwater to pick up a Camaro and stayed at Motel 6 in Sweetwater on December 22, 1994. She further testified they went back to Merkel and stayed from the 23rd to the 26th. Additionally, counsel produced hotel records as exhibits, and another witness testified about the alibi presented by Movant's wife. (Tran., Vol 10 at 13–18.) A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; and the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1956). Movant's mother's testimony would have been cumulative at best. Movant has failed to overcome the presumption that counsel's failure to call Movant's mother as another alibi witness was sound trial strategy. Movant's first claim of ineffective assistance of counsel does not entitle him to relief.

■ Movant also complains that counsel failed to obtain a document a DEA agent showed to Movant, a handwritten statement by Beezer that he used Movant's name on money transfers, airline tickets,

and motel receipts. He makes the unsupported allegation that the document would have altered the trial's outcome. Movant, again, submits no credible evidence in support of his assertion. Without more, this Court cannot conclude that counsel was ineffective.

Counsel thoroughly cross-examined Agent Anthony Vaughn about his interview with Beezer and the careful notes he kept. (Tran., Vol. 9 at 31.) Counsel elicited from Vaughn that Beezer used other people's names on Federal Express shipments and plane tickets. (Id. at 33.) Additionally, Beezer testified he used fake names on money transfers and plane tickets. (Tran., Vol. 7 at 55.) Counsel cross examined Beezer extensively about Agent Vaughn's notes which indicated "[Ian] Beezer used Lang's name" on several Western Union money transfer forms. (Tran., Vol. 7 at 297–302.) Movant has not shown that counsel was deficient for failing to obtain Beezer's statement, if it existed, and he has not shown that he was prejudiced. Movant failed to prove his second claim of ineffective assistance of counsel.

## APPRENDI *CLAIM*

■ Movant claims that the amount of drugs and type of methamphetamine[1] should have been submitted to the jury and proved beyond a reasonable doubt pursuant to the United States Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Movant may not bring an *Apprendi* claim in a § 2255 motion.[2] The nonretroactivity principle of *Teague v. Lane,* 489 U.S. 288, 308–09, 109 S.Ct. 1060, 1074, 103 L.Ed.2d 334 (1989) bars *Apprendi's* application on collateral review. *See United States v. Winter,* No. 3:96–CR–0326–P (N.D.Tex. Jan.23, 2001) (*Teague* bars retroactive application of *Apprendi* to collateral review); *United States v. Brown,* 2000 WL 1880280 *4 (Dec. 28, 2000) (refusing to permit an amendment to add an *Apprendi* claim in a § 2255 motion). Although the Fifth Circuit Court of Appeals has not yet considered whether *Apprendi* may be raised on collateral review, the appellate court did consider a strikingly similar situation in *United States v. Shunk,* 113 F.3d 31 (5th Cir. 1997). The question in *Shunk* was whether the *Teague* doctrine barred from application on collateral review the United States Supreme Court's decision in *United States v. Gaudin,* 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995).[3] The United States Supreme Court held in *Gaudin* that the materiality of false statements prosecuted under 18 U.S.C. § 1001 was an element of the offense which had to be presented to and decided by a jury, rather than by a judge. *Id.,* 115 S.Ct. at 2313–14. The Fifth Circuit Court of Appeals rejected the Shunks' argument that *Gaudin* fit within the second *Teague* exception, noting that "one can easily envision a system of 'ordered liberty' in which certain elements of the crime can or must be proved to a judge, not to a jury." *Id.* at 36. At least

---

1. Movant claims the government should have proved to the jury that the type of methamphetamine distributed was not L-methamphetamine.

2. The government contends Movant does not state an *Apprendi* claim. The threshold determination that *Apprendi* is not available on collateral review precludes the Court's consideration of whether the claim lacks merit.

3. *Teague* prohibits the application of new rules of criminal procedure on collateral review unless they meet one of two narrow exceptions. *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed. 2nd 334 (1989). The new rule is applicable only if it places certain kinds of conduct beyond the power of the government to proscribe or requires the observance of procedures that are "implicit in the concept of ordered liberty." *Id.* at 1073.

two other circuit courts have rejected retroactive application of *Gaudin* on collateral review. *See United States v. Mandanici*, 205 F.3d 519, 529–30 (2nd Cir.), *cert. denied*, 531 U.S. 879, 121 S.Ct. 190, 148 L.Ed.2d 132 (2000); *United States v. Swindall*, 107 F.3d 831, 836 (11th Cir. 1997). *Apprendi* and *Gaudin* both involve a new rule that requires proving an element of a criminal offense to a jury, rather than to a judge.

At least one circuit has refused to apply *Apprendi* to an initial habeas corpus petition. *Jones v. Smith*, 231 F.3d 1227 (9th Cir.2000). In *Jones*, the Court applied the *Teague* test to an initial 28 U.S.C. § 2254 petition and concluded that the new rules announced in *Apprendi* did not satisfy *Teague's* requirements for retroactivity on collateral review.[4] *Id.* at 1237–1238. Several district courts have also determined that *Apprendi* does not apply to initial habeas corpus petitions. *United States v. Gibbs*, 125 F.Supp.2d 700, 702–03 (E.D.Pa. 2000); *United States v. Pittman*, 120 F.Supp.2d 1263, 1271 (D.Or.2000) (refusing to apply *Apprendi* to a case in which a prisoner attacked a sentence based on the fact that the judge determined the weight of the drugs by a preponderance of the evidence); *United States v. Johnson*, 126 F.Supp.2d 1222, 1226 (D.Neb.2000); *Ware v. United States*, 124 F.Supp.2d 590, 593 (M.D.Tenn.2000); *West v. United States*, 123 F.Supp.2d 845, 845 (D.Md.2000), *aff'd*, *United States v. West*, 246 F.3d 671 (4th Cir.2001). *See also United States v. Joseph*, 2000 WL 1789989,*2 (E.D.La.Dec.5, 2000)(refusing to apply *Apprendi* retroactively but noting that the sentence was not above the statutory maximum); *Klein v. United States*, 125 F.Supp.2d 460, 466 (D.Wyo.2000) (same).[5] Movant has not persuaded the Court that *Apprendi* is applicable on collateral review. Accordingly, the Court will not consider Movant's claim that the amount and type of drugs should have been submitted to the jury.

### CONCLUSION

Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

4. In *Jones,* the petitioner challenged his attempted murder conviction on the grounds that the Government had omitted a premeditation charge from a state court murder information but had included such a charge in the jury instructions, thereby amounting to a constructive amendment of the information. *Id.* at 1230. Although *Jones* is not directly on point, the Court agrees with its conclusion that the *Apprendi* rule is neither implicit in the concept of ordered liberty nor an absolute prerequisite to a fair trial. *See Jones,* 231 F.3d at 1238.

5. Two district courts have applied *Apprendi* on collateral review. *See Darity v. United States,* 2000 WL 1804737 *5 (W.D.N.C. Oct. 25, 2000) (*Apprendi* decision announced new substantive rule to which *Teague* does not apply); *United States v. Murphy,* 109 F.Supp.2d 1059, 1064 (D.Minn.2000) (*Apprendi* falls within second *Teague* exception). The Court does not find these decisions persuasive.