Devon C. **BROOKS**

v.

**UNITED STATES of America**

**No.  CIV.A. DKC 2000–430.
No.  CRIM. DKC 98–0519.**

United States District Court,
D. Maryland.

April 10, 2001.

Devon Brooks, Fort Dix, NJ, Pro se.

## *MEMORANDUM OPINION*

CHASANOW, District Judge.

Petitioner Devon Brooks filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Petitioner pled guilty on April 12, 1999, to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846. He was sentenced on July 19, 1999, to imprisonment for a term of 198 months, followed by supervised release for five years. In the instant § 2255 motion, Petitioner raises the following claims: 1) error in sentencing calculation and 2) ineffective assistance of counsel. For the reasons set forth below, the court shall DENY Petitioner's § 2255 petition.

## I. *DISCUSSION*

### A. No Evidentiary Hearing Required

Petitioner later filed both a reply and a supplemental brief, raising new issues under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), a case decided after he filed the initial motion. Specifically, he challenges the indictment, the validity of his plea, and the legality of his

In deciding a § 2255 motion, the court need not hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Petitioner must have more than mere allegations to create factual disputes with the sworn testimony he offered in his plea proceeding because "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). The court has thoroughly reviewed the record in this case, and finds that a hearing is not necessary to address Petitioner's § 2255 motion.

### B. Error in Sentencing Calculation

### 1. Leadership Enhancement

Petitioner raises two objections to the calculations upon which the court based his sentencing. First, Petitioner argues that the court erred in applying a four level enhancement for a leadership role because the evidence was insufficient to demonstrate that Mr. Brooks was a leader or organizer in the drug conspiracy. Contradicting this assertion, Mr. Brooks stipulated to the fact within the plea agreement that he "organized and led an otherwise extensive criminal activity involving five or more participants." Paper No. 61, Ex. A, 2. Mr. Brooks contends that this fact is not true and that he was coerced by his attorney into this admission. He asserts that he had no managerial role in the

sentence. Paper Nos. 65, 66. Because Mr. Brooks initially raised the *Apprendi* issue in his reply, the United States has not had an opportunity to respond. For reasons explained later, *Apprendi* does not apply retroactively, thus, there is no need to consider the merits of these claims.

conspiracy and thus, the enhancement was unwarranted.

Specifically, Mr. Brooks asserts that he was coerced into entering his plea, because he allegedly requested that his counsel challenge the enhancement and he refused to do so. Moreover, Mr. Brooks claims that he met with counsel only once about the plea, and that was the day before the plea was to be entered. Mr. Brooks also argues that the contention that he was a leader in the conspiracy should have been questioned in an evidentiary hearing and included in the indictment. Based on all of these arguments, Petitioner claims he was coerced into pleading guilty.

By contrast, the written plea agreement and the hearing before the court pursuant to Rule 11 of the Federal Rules of Criminal Procedure indicate that Petitioner did play a leading or organizing role in the conspiracy. Under the Sentencing Guidelines, there can be more than one leader or organizer per conspiracy. U.S.S.G. § 3B1.1, Application Note 4 (1998). Given the written plea agreement and the recitation of the statement of facts in open court, it is clear that Petitioner's guilty plea and its waiver of appeal was knowing and voluntary. Not only did the written plea agreement stipulate that Mr. Brooks participated as a leader/organizer in a drug conspiracy, the court gave Petitioner the opportunity to contradict this point. Transcript, 11, line 9–12. The stipulated statement of facts reads in pertinent part as follows:

> Yahya and Brooks were responsible for obtaining the marijuana from the source of supply, arranging payment to the source of supply, directing and paying for the shipment of the drugs to the east coast and storing and distributing the drugs to their customers. In this fashion, Brooks organized and led an otherwise

extensive criminal activity involving five or more participants.

*Id.* at 10, 11.

The record also refutes Mr. Brooks' assertion that he only spoke with his counsel about the plea on one occasion. In response to the court's direct inquiry as to the number of times he discussed the plea with his counsel, Mr. Brooks stated that he met with counsel a total of nine or ten times and on at least three occasions they discussed the plea. Transcript, 17, lines 11–19.

Mr. Brooks also relies on *United States v. Fatico*, 603 F.2d 1053 (2d Cir.1979), to argue an evidentiary hearing should have been conducted as to his role within the conspiracy. *Fatico*, however, does not require such a hearing but rather suggests this method as a reliable way to resolve disputed issues. *Id.* at 1057–58 n. 9. Similarly, the Fourth Circuit does not require evidentiary hearings but rather encourages these types of hearings as appropriate when the reliability of the evidence is at issue. *See United States v. Bowman*, 926 F.2d 380, 381 (4th Cir.1991). Petitioner is not contesting the reliability of evidence in this case, he is arguing for a different conclusion—that he was not a leader/organizer in this drug conspiracy. Thus, Mr. Brooks has not established an evidentiary dispute warranting a *Fatico* hearing.

**2. Incorporation of Prior Sentences**

■ Secondly, Petitioner states that the court erred in calculating the sentence by incorporating his prior convictions. According to the Sentencing Guidelines, "[a]ny other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." U.S.S.G. § 4A1.2(e). Mr. Brooks asserts that the instant offense commenced on December 8, 1998, which

was the date of the marijuana seizure. The Fourth Circuit, however, has held that the "actual starting date of the conspiracy, [and] not [ ] the date the indictment alleged," should control the date from which to count the ten year time limit for prior sentences. *United States v. Ingram*, 32 F.3d 876, 889 (4th Cir.1994), *cert. denied*, 513 U.S. 1128, 115 S.Ct. 939, 130 L.Ed.2d 883 (1995). Because Petitioner stipulated to the fact that the conspiracy began in the Fall of 1996, this is the appropriate date to use. Mr. Brooks received his two prior sentences in 1988, well within the ten year period preceding the instant case. Thus, his prior sentences were properly incorporated in the determination of Mr. Brooks' current sentence.

## C. Ineffective Assistance of Counsel

■ Mr. Brooks also alleges that his counsel, Mr. Sullivan, was ineffective because he failed to raise the two sentencing issues previously discussed, failed to file an appeal, and failed to object to the quantity of marijuana. The Supreme Court has adopted a two-prong "performance" and "prejudice" test for determining whether a defendant received ineffective assistance of counsel. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

The court explicitly asked Mr. Brooks if he had any qualms about Mr. Sullivan's representation in the following exchange:

The court: Has he [Mr. Sullivan] always had the time that you thought was necessary to talk with you about this case?

The Defendant: Yes, ma'am.

The court: Has he answered all of your question[s?]

The Defendant: Yes, ma'am.

The court: Are you satisfied with his representation of you in this case?

The Defendant: Yes, ma'am.

Transcript, 17–18. Thus, in open court Mr. Brooks indicated that Mr. Sullivan had spent adequate time on the case and had appropriately represented him. *Id.* Now, Mr. Brooks contradicts his prior statements by asserting he received ineffective assistance of counsel.[2]

### 1. Failure to Raise Objection to Sentencing Issues

■ Mr. Brooks alleges that Mr. Sullivan should have objected to both the leader/organizer sentencing enhancement as well as the incorporation of his prior sentences. However, as discussed earlier in the opinion neither of these claims has a legal basis. Moreover, Mr. Sullivan did reserve the right to request a downward departure for over representation of criminal history in the plea agreement, and although ultimately unsuccessful, he argued that Mr. Brooks' prior convictions should not be taken into account for this sentencing. Transcript, 6–9. Accordingly, Mr. Brooks has not been able to establish the first prong of *Strickland* by showing that Mr. Sullivan made unprofessional errors.

**2.** Mr. Brooks also asserts that Mr. Sullivan's manner intimidated him into accepting the plea agreement terms. In stark contrast, Petitioner volitionally provided the assurance that not only had Mr. Sullivan spent appropriate time on the case but he was also satisfied with the attorney's efforts. *Id.*

### 2. Failure to File an Appeal

Mr. Brooks also asserts that his counsel failed to provide him effective counsel because Mr. Sullivan did not file an appeal. During the Rule 11 proceeding, the court specifically explained that both Defendant and the United States agreed to waive their rights to appeal any guideline decisions with one exception. Transcript, 16. The parties had explicitly reserved the right to appeal from a departure request based on criminal history. Transcript, 16, lines 5–17. At the end of the explanation, the court asked for Defendant's understanding and he then responded affirmatively that he understood the rights he had relinquished. *Id.* at line 17. Since Petitioner waived his right to appeal, he has failed to establish that his attorney made any error. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir.1994) (attorney cannot be considered deficient for failing to raise claims knowingly and voluntarily waived in the plea bargaining process).

### 3. Failure to Object to Quantity of Marijuana

■ Mr. Brooks also asserts that his counsel should have raised objections to the quantity of marijuana alleged to be a part of the conspiracy. However, Mr. Brooks himself stipulated to the quantity of drugs both in his agreement to the guideline stipulation and in the statement of facts. Transcript, 10–13. Moreover, the government can meet their burden of production for the quantity of drugs by a stipulation between the parties or by the defendant pleading guilty to a certain alleged amount. *United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir.1993) (finding it acceptable to hold defendant responsible for quantity of drugs established by government through stipulation of parties). Consequently, Mr. Brooks has failed to establish that his counsel acted unreasonably given his own stipulations.

### D. Apprendi

■ Mr. Brooks also contends that the Supreme Court's decision in *Apprendi* provides a basis for him to challenge the indictment, the validity of his guilty plea, and the legality of his sentence. Before reaching the merits of these claims, the court must initially determine whether the *Apprendi* rule applies retroactively. Mr. Brooks' conviction became final on August 31, 1999, well before the Court issued its decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, on June 26, 2000.[3]

■ Ordinarily, if a conviction becomes final before the issuance of the decision adopting the new rule, there is no retroactive application. *Teague v. Lane*, 489 U.S. 288, 307, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). There is no question that *Apprendi* announced a new rule under the *Teague* analysis, "as it completely abrogated existing law in every federal circuit." *West v. United States*, 123 F.Supp.2d 845, 846 (D.Md.2000) (finding that *Apprendi* did not set forth a watershed principle and thus, did not apply retroactively). New rules are only applied retroactively when the "new rule involves the criminalization of 'primary, private individual conduct' beyond the power of the legislature to proscribe or involves a 'watershed' or 'bedrock' principle implicating the fundamental fairness of the trial process." *Teague*, 489 U.S. at 311–14, 109 S.Ct. 1060.

---

**3.** Mr. Brooks did not appeal the final judgment entered July 22, 1999. Thus, his conviction became final on August 31, 1999 after the ten-day appeal period and the thirty-day ex-cusable neglect period had expired. *Adams v. United States*, 173 F.3d 1339, 1342 n. 2 (11th Cir.1999) (citing *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir.1999)).

■ Because the first exception clearly does not apply in this case, the sole question before the court is whether *Apprendi* qualifies under the second *Teague* exception. A rule that qualifies under this exception must: "not only improve accuracy but also alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Sawyer v. Smith*, 497 U.S. 227, 242, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990). Moreover, in *United States v. Mandanici*, 205 F.3d 519, 528 (2nd Cir.2000), *cert denied*, 531 U.S. 879, 121 S.Ct. 190, 148 L.Ed.2d 132 (2000), the Second Circuit recognized that the Supreme Court through "words and example" has emphasized that the second *Teague* exception is "exceedingly narrowly."

■ This court finds that the two new rules announced in *Apprendi* that: "1) a jury, rather than a judge must determine facts supporting a statutory sentencing enhancement, and 2) that this determination must be made beyond a reasonable doubt—are not the type of watershed rules implicating fundamental fairness that necessitates retroactive application." *Levan v. United States*, 128 F.Supp.2d 270, 278 (E.D.Pa.2001). Thus, this court agrees with the majority of courts that have found that *Apprendi* does not apply retroactively to habeas petitions. *See Jones v. Smith*, 231 F.3d 1227 (9th Cir.2000); *United States v. Gibbs*, 125 F.Supp.2d 700 (E.D.Pa.2000); *United States v. Pittman*, 120 F.Supp.2d 1263 (D.Or.2000); *United States v. Johnson*, 126 F.Supp.2d 1222, 1225 (D.Neb.2000); *Ware v. United States*, 124 F.Supp.2d 590, 593 (M.D.Tenn.2000); *United States v. Brown*, No. 3:97–CV–913–P, 2000 WL 1880280, *1 (N.D.Tex. Dec. 28, 2000); *West*, 123 F.Supp.2d at 846.[4] Furthermore, in *United States v. Martinez*, 139 F.3d 412, 419 (4th Cir.1998), *cert. denied*, 525 U.S. 1073, 119 S.Ct. 807, 142 L.Ed.2d 667 (1999), the Fourth Circuit observed that the Supreme Court has never identified any watershed rule within the "second exception" of *Teague*. For the foregoing reasons, this court finds that *Apprendi* is not retroactively applicable to Mr. Brooks' claims.

## II. CONCLUSION

For the foregoing reasons, Petitioner's motion under § 2255 to vacate, set aside, or correct his sentence is DENIED. A separate Order will be entered.

## *ORDER*

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of April, 2001, by the United States District Court for the District of Maryland, ORDERED that:

1. Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence BE, and hereby IS, DENIED;

2. The Clerk is directed to transmit a copy of the Memorandum Opinion and this Order to Petitioner and counsel for Respondent, and CLOSE this case.

■

---

4. *But see United States v. Murphy*, 109 F.Supp.2d 1059, 1064 (D.Minn.2000) (finding that *"Apprendi* is so grounded in fundamental fairness that it may be considered of watershed importance."); *Darity v. United States*, 124 F.Supp.2d 355 (W.D.N.C.2000) (concluding that *Apprendi* applied retroactively because it amounted to a change in the law).