EMILIO M. GARZA, Circuit Judge:
In light of the impact that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) has wrought in sentencing above maximum statutory limits, we REMAND to the district court to reconsider its ruling denying Patrick Clark an amendment to his § 2255 motion based on futility in light of Apprendi.[1]

. By remanding this case, we express no opinion on how the district court should resolve that issue. In reconsidering whether Clark's amendment is futile the district court may need to determine whether Apprendi announces a substantive change in the law requiring retroactivity under Davis v. United States, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (allowing a defendant to assert in a § 2255 proceeding, a claim based on an intervening substantive change in the interpretation of a federal criminal statute) or a change in procedure requiring application of Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (under Teague the district court must determine the date on which the conviction became final, whether a *383 new rule was announced, which is procedural and not substantive, and, pending that determination, whether any exceptions apply). Because of the difficulty and importance of the retroactivity issue, the district court should consider whether to appoint counsel for Clark.