[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

Nos.    01-1321
       01-1573

UNITED STATES,

Appellee,

v.

JEAN BAPTISTE-CALIXCE,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

---

Jean Baptiste-Calixce on brief pro se.
Gretchen Leah Witt, United States Attorney, and Peter E. Papps, Assistant U.S. Attorney, on Motion for Summary Disposition for appellee.

---

September 28, 2001

---

**Per Curiam**. These consolidated appeals by Jean Baptiste-Calixce are from the district court's denial of his post-appeal motions for relief from his 168-month prison sentence. In 1998, Calixce was convicted following a jury trial of possessing with intent to distribute cocaine and cocaine base. The indictment referenced 21 U.S.C. § 841(a), but not § 841(b), and did not refer to any specific drug quantity. At sentencing, the court adopted the probation department's finding regarding drug quantity, and the applicable guideline sentencing range based on that quantity. On direct appeal, Calixce did not challenge his indictment or sentence, but argued only that the district court had erred in denying his pre-trial suppression motion. This court affirmed Calixce's conviction in an unpublished opinion dated April 2, 1999.

Almost two years later, Calixce filed two motions in district court. The first one was a motion to amend his prison sentence pursuant to 18 U.S.C. § 3582(c)(2). The second one was a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and for review of his sentence pursuant to 18 U.S.C. § 3742. The district court denied both motions. We agree with the district court that Calixce has failed to

show that he is entitled to the relief that he sought in these motions.

I. Appeal No. 01-1321: Appeal from Motion to Amend Sentence

Under 18 U.S.C. § 3582, the district court may reduce a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." In this case, Calixce claims that Amendment 591 to the United States Sentencing Guidelines, effective November 1, 2000, lowered the sentencing range on which his sentence was based. Specifically, he refers to the amendment to U.S.S.G. § 1B1.1(a).

Calixce seems to argue that, Amendment 591 altered the sentencing guidelines by requiring that a sentence may only be based on factors that are specified in the indictment. A review of the sentencing guidelines before and after Amendment 591 took effect belies Calixce's interpretation. Both the pre- and post-amendment guidelines refer to the "offense conduct charged in the count of indictment" as the basis for determining the appropriate "offense guideline section." And both the pre- and post-amendment guidelines provide that the applicable "offense

-3-

guideline range" should be determined "in accordance with § 1B1.3 (Relevant Conduct)." U.S.S.G. § 1B1.2(b). The background notes to §1B1.3 (both pre- and post- amendment) specifically provide that

> [c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range.

§1B1.3, comment. (backg'd.)(Nov. 2000).

The amendment on which Calixce relies did not lower the sentencing range on which his sentence was based. Therefore, the district court did not abuse its discretion in denying him relief under 18 U.S.C. §3582(c)(1)(B). The denial of that motion is affirmed.

II. Appeal No. 01-1573: Motion to Dismiss for Want of Jurisdiction and for Review of Sentence under 18 U.S.C. § 3742

In this motion, Calixce argued that his indictment, conviction and sentence are unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). He contended that because the indictment failed to specify a drug quantity (as required by Apprendi), it was a nullity and the district court lacked jurisdiction over the case. In the alternative, Calixce argued in his motion, as he does in his

-4-

brief on appeal, that he is entitled to be resentenced based upon the lowest possible quantity of cocaine under the guidelines.

The time for Calixce to appeal his sentence pursuant to § 3742 has long since expired. See Fed.R.App.P. 4(b). Moreover, Calixce filed a timely appeal from his sentence in which he did not include the present challenge to the district court's jurisdiction. This court has held that

> an objection that an indictment fails to state an essential element of an offense "shall be noticed by the court at any time <u>during the pendency of the proceedings.</u>" Fed.R.Crim.P. 12(b)(2). This means that the defendant may raise the objection for the first time on appeal or that this court may raise the issue sua sponte.

<u>United States</u> v. <u>Mojica-Baez</u>, 229 F.3d 292, 309 (1st Cir. 2000)(emphasis added), <u>cert. denied</u>, __ U.S. __, 121 S.Ct. 2215 (2001). Because the pendency of the proceedings in Calixce's case had already passed when he filed this motion, however, he is not entitled to relief pursuant to Fed.R.Crim.P. 12(b)(2). Instead, the appropriate form in which to raise the <u>Apprendi</u> issue would be a motion pursuant to 28 U.S.C. § 2255. This court has not yet decided the question whether <u>Apprendi</u> applies retroactively to cases on

collateral review, an issue on which courts are divided. <u>See</u> <u>United States</u> v. <u>Clark</u>, __ F.3d. __, 2001 WL 845193 (5th Cir., July 26, 2001) (Circuit Judge Parker, dissenting). We need not reach that question, however, because Calixce's only reference to § 2255 in his filings in the district court or this court was in an objection to the government's suggestion that of one of his motions might be construed as pursuant to § 2255. In any event, this court has recognized the right of a petitioner to "have his motion decided as he had framed it." <u>See</u> <u>Raineri</u> v. <u>United States</u>, 233 F.3d 96, 100 (1st Cir. 2000).

Calixce is not entitled to the relief he sought pursuant to Rule 12(b) or 18 U.S.C. § 3742. Therefore, the district court's denial of that motion is <u>affirmed</u>.

Calixce's motion in opposition to consolidation of these appeals is <u>denied</u>.