Enrique GONZALES, Sr., Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. H–01–7–7, H–95–299–02.

United States District Court, S.D. Texas, Houston Division.

Aug. 13, 2001.

John Donohue, Attorney at Law, Waco, TX, Counsel for Plaintiff.

Paula Offenhauser, United States Attorney's Office, Houston, TX, Counsel for Defendant.

## ORDER

HITTNER, District Judge.

Pending before the Court is the Motion Under 28 U.S.C. § 2255 filed by Petitioner Enrique Gonzales, Sr. Having considered the motion, submissions on file, and applicable law, the Court determines that the motion should be denied.

## BACKGROUND

On January 26, 1996, Enrique Gonzales, Sr. ("Gonzales") was charged in a four count superseding indictment. Counts one and two of the indictment charged Gonzales with possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Count three of the indictment charged Gonzales with carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Count four charged Gonzales with possession of a machine gun in violation of 18 U.S.C. § 922(o)(1).

On December 7, 1995, the United States magistrate judge arraigned Gonzales. On that occasion, Gonzales was informed, inter alia, that he faced a five-year consecutive sentence for count three of the indictment. This statement was confirmed by the assistant United States attorney. Gonzales thereafter pleaded not guilty to all four counts.

Gonzales's case was tried to a jury, and on February 29, 1996, the jury found Gonzales guilty on all counts. The government subsequently filed a motion seeking a thirty-year consecutive sentence enhancement for count three pursuant to 18 U.S.C. § 924(c)(1). Section 924(c)(1) provides such an enhanced sentence if the firearm used in the drug offense is a machine gun. 18 U.S.C. § 924(c)(1) (1994).[1] The thirty-year consecutive sentence was significantly greater than the five-year consecutive sentence discussed at Gonzales's arraignment. Over Gonzales's objections, this Court granted the government's motion and sentenced Gonzales to 78 months incarceration for counts one, two, and four, and 360 months incarceration for count three. These terms were to be served consecutively as required by statute. *See id.*

The United States Court of Appeals for the Fifth Circuit affirmed Gonzales's conviction on direct appeal. *United States v. Gonzales,* 121 F.3d 928, 933 (5th Cir.1997). Gonzales's petition for writ of certiorari was thereafter denied by the United States Supreme Court. *Gonzales v. United States,* 522 U.S. 1131, 118 S.Ct. 1084, 140 L.Ed.2d 141 (1998). Gonzales filed his original motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in December 1998. Prior to this Court's ruling on Gonzales's § 2255 motion, however, the Supreme Court decided *Castillo v. United States,* 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000), and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Soon thereafter, Gonzales amended his § 2255 motion to include arguments based on these two decisions. Gonzales now contends that this Court erred in imposing the thirty-year enhancement. Specifically, Gonzales contends that the enhancement was neither contained in the indictment, nor discussed until after Gonzales's conviction. Accordingly, Gonzales claims that the enhancement violates both *Apprendi* and *Castillo.*

## LAW & ANALYSIS

■ To obtain collateral relief pursuant to 28 U.S.C. § 2255, Gonzales "must clear a significantly higher hurdle than would exist on direct appeal." *See United States v. Frady,* 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Errors of law that may require reversal on direct appeal do not necessarily provide a basis for relief under § 2255. *Id.* at 165, 102 S.Ct. 1584. Rather, " § 2255 is reserved for transgressions of constitutional rights and for a

---

1. 18 U.S.C. § 924(c)(1) was amended in 1998. The amended statute provides subsections for each of the different firearms that, if used in a drug trafficking offense, allow for an increased sentence. 18 U.S.C. § 924(c)(1)(B) (Supp. IV 1998).

narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992).

### 1. Apprendi Claim

■ In *Apprendi,* the Supreme Court held that "a fact that increases the penalty for a crime beyond the prescribed statutory maximum must be alleged in the indictment and proved to the jury beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. In the instant case, the indictment charged Gonzales with using a firearm in a drug trafficking offense (count three) and with possession of a machine gun (count four). The indictment, however, did not allege that the machine gun referenced in count four was the firearm used in count three. Rather, the Court determined that the firearm used in count three was a machine gun after Gonzales's conviction but prior to sentencing. This determination triggered the thirty-year sentence enhancement pursuant to § 924(c)(1). Gonzales now argues that the thirty-year sentence enhancement violates *Apprendi* because the prescribed statutory maximum for a violation of 18 U.S.C. § 924(c)(1) without enhancement at the time of Gonzales's conviction was five years. Moreover, Gonzales asserts that the issue of whether he used the machine gun (as required by § 924(c)(1)) should have been submitted to the jury and proved beyond a reasonable doubt rather than decided by the Court by a preponderance of the evidence.

The threshold issue for the Court is whether *Apprendi* applies retroactively. Gonzales's appeal became final in 1998, prior to the *Apprendi* decision. Hence, if *Apprendi* is not retroactive, Gonzales is precluded from raising it in this collateral attack on his sentence. *See United States v. Foote,* Nos. 3:97–CR–263–R, 3:99–CV–838–R, 2001 WL 671465, at *7 (N.D.Tex. June 12, 2001).

In his petition, Gonzales does not address whether *Apprendi* can be applied retroactively on collateral review. Rather, he assumes that it is retroactive. The Fifth Circuit has not yet addressed this issue. *See, e.g., United States v. Clark,* No. 99–50485, 2001 WL 845193, at *1 (5th Cir. Jul.26, 2001) (declining to express an opinion on the issue of *Apprendi*'s retroactive application and remanding the case to the district court for analysis of this issue).[2] Nor has a district court within the Southern District of Texas. District courts within the Fifth Circuit that have considered this issue have held that *Apprendi* does not apply retroactively. *See Foote,* 2001 WL 671465, at *7; *United States v. Jones,* Nos. 3–98–CR–0303–P, 3–01–CV–0050–P, 2001 WL 493171, at *2 (N.D.Tex. May 8, 2001); *United States v. Lang,* Nos. 3:96–CR–326–P, 3:01–CV–0068–P, 2001 WL 335841, at *3 (N.D.Tex. Apr.5, 2001); *United States v. Joseph,* No. 96–275, 2000 WL 1789989, at *2 (E.D.La. Dec.5, 2000). The vast majority of courts in other circuits that have considered the issue have likewise determined that *Apprendi* cannot be applied retroactively.[3]

---

**2.** The Fifth Circuit has ruled that *Apprendi* cannot be applied retroactively to a *successive* § 2255 motion. *In re Tatum,* 233 F.3d 857, 859 (5th Cir.2000). Because the instant case involves the petitioner's *initial* § 2255 motion, *Tatum* is not dispositive.

**3.** *United States v. Sanders,* 247 F.3d 139, 151 (4th Cir.2001); *United States v. Moss,* 252

F.3d 993, 997 (8th Cir.2001); *Jones v. Smith,* 231 F.3d 1227, 1237 (9th Cir.2000); *United States v. Gibbs,* 125 F.Supp.2d 700, 705 (E.D.Pa.2000); *Brooks v. United States,* Nos. Civ. A. DKC 2000–430, Crim. DKC 98–059, 2001 WL 360811, at *4 (D.Md. Apr.10, 2001); *United States v. McCloud,* Nos. 96–2003101, 00–3342, 2001 WL 173776, at *2 (D.Kan.

Because neither the Fifth Circuit nor the Southern District of Texas has definitively ruled on this issue, this Court must decide the issue as a matter of first impression in this district.

■ In determining whether a new rule is retroactive, a court must first establish whether the rule is substantive or procedural in nature. *Teague v. Lane,* 489 U.S. 288, 289, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). If the rule is substantive, then it applies retroactively. *Davis v. United States,* 417 U.S. 333, 346–47, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). If the rule is procedural, then its retroactive application is governed by the test set forth in *Teague,* as discussed *infra. Teague,* 489 U.S. at 289, 109 S.Ct. 1060.

The Supreme Court's holding in *Apprendi* does not affect what activities are prohibited by law; rather, it affects the burden of proof required by the government on specific issues. The circumstances in the instant case are illustrative. Gonzales does not argue that using a machine gun in a drug trafficking offense does not violate 18 U.S.C. § 924(c)(1); rather, he argues that the jury, not the Court, should have made the factual determination of whether he *used a machine gun* in the offense. Allowing the jury to rule on this issue would raise the government's burden of proof from a preponderance of the evidence to beyond a reasonable doubt. Hence, *Apprendi* is

procedural in nature. *E.g., Ware v. United States,* 124 F.Supp.2d 590, 595–96 (M.D.Tenn.2000).[4] The Court must apply the *Teague* analysis. *Teague,* 489 U.S. at 289, 109 S.Ct. 1060.

In *Teague,* the Supreme Court held that a new rule of criminal procedure cannot be applied retroactively unless the rule falls under one of two exceptions. *Id.* at 307, 109 S.Ct. 1060. The first exception involves a determination of whether the new rule puts certain types of private conduct beyond the power of the law. *Id.* at 311, 109 S.Ct. 1060; *Fisher v. State of Texas,* 169 F.3d 295, 306 (5th Cir.1999). This exception is not applicable to *Apprendi* claims. *Foote,* 2001 WL 671465, at *5. The second exception applies to "watershed" rules. *Teague,* 489 U.S. at 311, 109 S.Ct. 1060. That is, those rules that not only "improve the accuracy of criminal proceedings, but also alter our understanding of the bedrock procedural elements essential to the fairness of the proceeding." *Foote,* 2001 WL 671465, at *5 (citing *Sawyer v. Smith,* 497 U.S. 227, 242, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990)). Indeed, the second exception applies only to "those new procedures without which the *likelihood of an accurate conviction is seriously diminished." Teague,* 489 U.S. at 312, 109 S.Ct. 1060 (emphasis added). For example, the rule announced in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), that defendants shall be appointed

---

Feb.16, 2001); *United States v. Latney,* 131 F.Supp.2d 31, 34 (D.D.C.2001); *Leopard v. United States,* 141 F.Supp.2d 1326, 1331 (E.D.Okla.2001); *United States v. Goode,* Nos. 96–CR–80997–DT, 00–CV–74400–DT, 2001 WL 332632, at *4 (E.D.Mich. Jan.23, 2001); *Klein v. United States,* 125 F.Supp.2d 460, 467 (D.Wyo.2000); *United States v. Johnson,* 126 F.Supp.2d 1222, 1226 (D.Neb.2000). *But see United States v. Hernandez,* 137 F.Supp.2d 919, 932 (N.D.Ohio 2001); *Parise v. United States,* 135 F.Supp.2d 345, 349 (D.Conn. 2001); *Darity v. United States,* 124 F.Supp.2d

355 (W.D.N.C.2000); *United States v. Murphy,* 109 F.Supp.2d 1059, 1064 (D.Minn.2000).

**4.** The majority of courts that have addressed this issue agree that *Apprendi* is procedural in nature. *See* cases cited *supra* note 2. *But see Clark,* 2001 WL 845193, at *7 (Parker, J. dissenting) (stating that the rule announced in *Apprendi* is both procedural and substantive in nature and should therefore be applied retroactively).

counsel in criminal trials, is "the prototypical example of a watershed ruling." *United States v. Moss*, 252 F.3d 993, 998 (8th Cir.2001). *Apprendi*, however, only applies in situations where the defendant has already been convicted and faces sentencing enhancements. *Id.* at 999. As such, it has no bearing on the accuracy of the underlying conviction. Rather, *Apprendi* only affects the length of punishment faced by the defendant. *Id. Apprendi* is therefore not a "watershed" rule and does not fall within *Teague's* second exception.

The Fifth Circuit arrived at a similar conclusion in *United States v. Shunk*, 113 F.3d 31 (5th Cir.1997). In *Shunk*, the Fifth Circuit applied the rule set out in *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), to the *Teague* analysis. *Shunk*, 113 F.3d at 34. In *Gaudin*, the Supreme Court ruled that the materiality of a false statement, an element of 18 U.S.C. § 1001 (providing the government with false information), should be submitted to the jury. *Id.* (citing *Gaudin*, 515 U.S. at 522–23, 115 S.Ct. 2310). The standard of proof was therefore beyond a reasonable doubt, rather than by a preponderance of the evidence. *Id.* (citing *Gaudin*, 515 U.S. at 522–23, 115 S.Ct. 2310). The Fifth Circuit held that *Gaudin* constituted a new rule of criminal procedure that did not fall within the second *Teague* exception and therefore could not be applied retroactively. *Shunk*, 113 F.3d at 36–37.[5] *Gaudin* and *Apprendi* involve similar issues: namely, which matters should be submitted to the jury as opposed to the court. Based on the foregoing, the Court determines that *Apprendi* cannot be applied retroactively. Gonzales is there-

fore not entitled to § 2255 relief on this issue.

### 2. *Castillo Claim*

■ Gonzales also claims that he is entitled to § 2255 relief based on the Supreme Court's decision in *Castillo v. United States*, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000). *Castillo*, decided less than a month before *Apprendi*, involved a defendant convicted for the use of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). *Castillo*, 530 U.S. at 120, 120 S.Ct. 2090. After trial, but before sentencing, the trial court determined that the firearm used by Castillo was a machine gun. *Id.* at 120, 120 S.Ct. 2090. Accordingly, the trial court imposed a thirty-year consecutive enhancement to Castillo's sentence. *Id.* The Supreme Court reversed the sentence and remanded the case, holding that § 924(c)(1) creates a separate, aggravated offense when it refers to the various types of firearms used in the underlying offense. *Id.* at 131, 120 S.Ct. 2090. The Supreme Court further held that whether the Government has proved all of the elements of these offenses is a decision for the jury, not the court. *Id.* The determination is therefore subject to a higher burden of proof. *Id.*

In the instant case, Gonzales was convicted in count three of carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). This Court thereafter determined that the firearm was in fact a machine gun and imposed a thirty-year sentence enhancement. Gonzales therefore contends that the Supreme Court's decision in *Castillo* renders his sentence unconstitutional. Gonzales, how-

---

**5.** Several other circuits courts have expressed agreement with the Fifth Circuit's decision in *Shunk*. *Bilzerian v. United States*, 127 F.3d 237 (2nd Cir.1997), *cert. denied*, 527 U.S. 1021, 119 S.Ct. 2365, 144 L.Ed.2d 770 (1999); *United States v. Swindall*, 107 F.3d 831, 836 (11th Cir.1997).

ever, is faced with the same hurdle that he encountered with his *Apprendi* claim; i.e., to successfully rely on *Castillo,* it must be applied retroactively.[6]

The rule in *Castillo,* like *Apprendi,* requires certain issues to be alleged in the indictment and submitted to the jury. Applying the same reasoning expressed *supra* in the *Apprendi* analysis, the Court determines that the rule in *Castillo* is procedural in nature. Accordingly, the Court must apply the *Teague* analysis to determine if *Castillo* can be applied retroactively.

The rule announced in *Castillo* is quite similar to the rule involved in *Shunk.* In *Shunk,* the court held that the issue of materiality had to be submitted to the jury, but that this rule could not be applied retroactively under *Teague. Shunk,* 113 F.3d at 34. In *Castillo,* the Supreme Court required the question of whether the defendant used a particular type of firearm to be submitted to the jury. *Castillo,* 530 U.S. at 131, 120 S.Ct. 2090. Because both rules shift the determination of an issue from the court to the jury, this Court finds the rationale in *Shunk* compelling and determines that the rule announced in *Castillo* cannot be applied retroactively. Gonzales is therefore not entitled to § 2255 relief on this issue.

■ Even assuming, arguendo, that both *Castillo* and *Apprendi* apply retroactively, Gonzales would still not be entitled to § 2255 relief. In the instant case, the jury determined that Gonzales was guilty of both using a firearm during a drug trafficking offense (count three) and possessing a machine gun (count four). A review of the record reveals that only one

firearm was involved in the events leading to Gonzales's arrest, trial, and conviction. The machine gun used in count four is therefore ipso facto the firearm used in count three. Accordingly, the jury made the determination based upon the more stringent beyond a reasonable doubt standard and found, in accordance with *Apprendi* and *Castillo,* that Gonzales used a machine gun in the drug trafficking offense.

*Apprendi* further requires that any factor that would increase the sentence beyond the statutory maximum be alleged in the indictment. *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. *Castillo* requires that any sentence enhancement based on the type of firearm pursuant to 18 U.S.C. § 924(c)(1) must be alleged in the indictment. *Castillo,* 530 U.S. at 131, 120 S.Ct. 2090. Gonzales argues that the indictment did not allege that the firearm in count three was a machine gun, thus violating both *Apprendi* and *Castillo.* However, count four did allege that the firearm was a machine gun. As there was only one firearm involved in this case, the allegations in count three and count four, taken together, satisfy *Apprendi*'s and *Castillo*'s indictment requirement. Accordingly, Gonzales is not entitled to § 2255 relief on either ground.

*3. Magistrate's Error*

■ Gonzales's final contention is that the thirty-year sentence enhancement was improper because at the arraignment the magistrate judge advised Gonzales that he only faced a five-year consecutive sentence, rather than a thirty-year consecutive sentence, pursuant to § 924(c)(1). In

---

**6.** Only one court has analyzed *Castillo* to determine if it can be applied retroactively on an *initial* § 2255 motion. *See Parham v. United States,* Nos. Civ. S 00–2869, Crim. S 96–0459, 2000 WL 1466102, at *2 (D.Md. Sept.25, 2000) (determining that *Castillo* cannot be applied retroactively). The Fifth Circuit held in *Tatum* that *Castillo,* like *Apprendi,* cannot be applied retroactively to *successive* § 2255 motions.

his petition, Gonzales fails to show how he was prejudiced by the lack of specific notice by the magistrate judge since Gonzales pleaded not guilty and his case was subsequently tried by a jury. Because *Apprendi* and *Castillo* cannot be retroactively applied, Gonzales is left with the same argument that he made in his direct appeal. This argument was rejected by the Fifth Circuit. *See Gonzales,* 121 F.3d at 940–41.[7] This Court adopts the reasoning set forth in the Fifth Circuit's opinion on this issue. *See id.* Gonzales is therefore not entitled to § 2255 relief. Accordingly, the Court hereby

ORDERS that Defendant's Motion Under 28 U.S.C. § 2255 is DENIED.

---

**7.** In his direct appeal, Gonzales claimed that he was deprived of fair notice of the charges filed against him because the thirty-year enhancement was not in the indictment. *Id.* at 941. The Fifth Circuit held that the facts alleged in the indictment were sufficient to put Gonzales on notice that the thirty-year enhancement might apply. *Id.* The Fifth Circuit determined that Gonzales could not credibly claim to be surprised by the government seeking the enhancement. *Id.* The Fifth Circuit therefore refused to invalidate the indictment.