**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JAN 15 1999**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

LONNIE C. PENNINGTON,

Defendant - Appellant,

v.

UNITED STATES OF AMERICA,

Plaintiff - Appellee.

No. 98-3197
(D.C. No. 98-3034-MLB)
(District of Kansas)

**ORDER AND JUDGMENT** [*]

Before **BRORBY** , **EBEL** and **LUCERO** , Circuit Judges.

Lonnie C. Pennington appeals the denial of his motion filed under 28
U.S.C. § 2255, seeking to enforce the alleged terms of an oral plea agreement.
The district court ruled that such motion was untimely and that it should be
rejected on the merits without benefit of an evidentiary hearing.  Because he is
proceeding pro se, we construe Pennington's motion liberally.  As best we can
ascertain, his motion alleges two separate breaches of his plea agreement: first,

---

[*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

that the government violated a promise to move under U.S.S.G. § 5K1.1 for a downward departure at sentencing; and second, that the government violated a promise to move for a post-sentencing departure under Fed. R. Crim. P. 35(b). We grant Pennington's request for a certificate of appealability, and affirm.

Pennington's first claim is untimely. Motions under 28 U.S.C. § 2255 must be filed within one year of the final judgment of conviction unless certain statutory exceptions apply to toll the limitations period. With regard to petitioner's § 5K1.1 claim, no such exceptions apply because Pennington had notice of the government's failure to follow its alleged promise at sentencing, and therefore before the final judgment against him was filed. The second claim, however, is timely because Pennington was not on notice of the government's failure to file a Rule 35(b) motion until one year after the imposition of his sentence, which is the period within which Rule 35 motions are normally filed. See Fed. R. Crim. P. 35(b); see also 28 U.S.C. § 2255(4) (tolling limitations period until "the date on which the facts supporting the claim . . . presented could have been discovered through the exercise of due diligence").

The district court did not err, however in refusing to grant an evidentiary hearing on this second claim. We conduct a two-step inquiry in reviewing the district court's refusal, determining first whether the petitioner's allegations, if true, would entitle him to relief, and then, if they would, whether the district court

abused its discretion in summarily denying an evidentiary hearing. See United States v. Barboa, 777 F.2d 1420, 1422 (10th Cir. 1985). Even if Pennington's allegations are true, the plea agreement contains no promise by the government to move for a sentence reduction under Rule 35(b). Paragraph 6 of the plea agreement, which Pennington confirmed before the district court, plainly supports that claim. See I R., doc. 604, Ex. 2, at 7 ("[T]his Plea Agreement is the only agreement between the United States and defendant, Lonnie C. Pennington, concerning his plea of guilty . . . and . . . there are no other deals, bargains, agreements, or understandings which modify or alter this agreement."). "In considering whether the plea agreement was violated, we construe the terms of the plea agreement according to what [defendant] reasonably understood when he entered the plea." United States v. Svacina, 137 F.3d 1179, 1185 (10th Cir. 1998) (quotation omitted). The district court did not abuse its discretion in denying Pennington an evidentiary hearing. See United States v. Gines, 964 F.2d 972, 979 (10th Cir. 1992).

**AFFIRMED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge


- 3 -