518 F.Supp.2d 732 (2007)
Lamar HOSEY, Petitioner,
v.
UNITED STATES of America, Respondent.
C.A. No. 2:04-cr-617-PMD.
United States District Court, D. South Carolina, Charleston Division.
September 10, 2007.
John Robert Haley, Federal Public Defender's Office, Charleston, SC, for Petitioner.
Robert H. Bickerton, U.S. Attorneys, Charleston, SC, for Respondent.

ORDER
PATRICK MICHAEL DUFFY, District Judge.
This matter is before the court upon Petitioner Lamar Hosey's ("Hosey" or "Petitioner") Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Government has filed a Motion to Dismiss. For the following reasons, *733 the court denies the Government's Motion to Dismiss.

BACKGROUND
An indictment dated June 9, 2004 charged that Hosey "knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute 5 grams or more of cocaine base" on or about April 18, 2002. He pled guilty on October 18, 2004, and his plea agreement stated,
11. Provided the Defendant, LAMAR HOSEY, cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by Attorneys for the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to move the Court to depart from the United States Sentencing Commission Guidelines, pursuant to § 5K1.1 of those Guidelines, and Title 18, United States Code, Section 3553(e), or move the Court for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant, LAMAR HOSEY, further understands that any such motion by the Attorneys for the Government is not binding upon the Court and, should the court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw his plea.
(See Plea Agreement.)[1] On December 14, 2004, Hosey was sentenced to a term of imprisonment of 262 months, an eight year term Of supervised release, and a special assessment of $100. The Government did not seek a downward departure pursuant to § 5K1.1, and the Government's Motion to Dismiss states, "With Hosey having not rendered all of the assistance to which he committed himself in the Plea Agreement, the Government elected its option, as set forth in paragraph 11, to consider the totality of his cooperation at the appropriate time pursuant to Rule 35(b)." (Mot. to Dismiss at 1.) Judgment was entered on January 4, 2005, and Hosey filed a notice of appeal on December 30, 2004. Hosey then filed a motion to dismiss his appeal, and on February 22, 2005, the Fourth Circuit Court of Appeals dismissed Hosey's appeal.
On February 26, 2007, the Government filed a Motion for Reduction of Sentence Pursuant to Rule 35(b) on Hosey's behalf. A hearing on that motion was held on March 7, 2007, and the court reduced Hosey's sentence to a term of imprisonment of 120 months. The amended judgment was filed on March 14, 2007.
On May 9, 2007, Hosey filed this Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Hosey bases his motion on three grounds: (1) ineffective assistance of counsel during his original sentencing; (2) ineffective assistance of counsel during resentencing, and the failure to file a direct appeal; and (3) *734 "Government misapplied Rule 35(b) to reduce Petitioner's sentence for presentence cooperation when 5K1.1 was appropriate." (Petition at 5-8.) The Government filed a Motion to Dismiss on June 25, 2007, and Hosey filed a Response in Opposition. In its Motion to Dismiss, the Government argues dismissal is appropriate because the § 2255 motion "was not filed within one year of the date on which the judgment of conviction became final and there is no other basis to permit its consideration." (Mot. to Dismiss at 3.)

STANDARD OF REVIEW
Hosey proceeds under 28 U.S.C. § 2255, which provides, in relevant part:
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.
28 U.S.C. § 2255. On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence, Miller v. United States, 261 F.2d 546, 547 (4th Cir.1958). In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The court has thoroughly reviewed the motion, files, and records in this case and finds that no hearing is necessary.

ANALYSIS
In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"). The AEDPA amended § 2255 to provide a one-year limitations period for the filing of § 2255 motions. Section 2255 provides, in relevant part,
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of 
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255. A conviction is final for purposes of § 2255 "on the date when the petitioner could no longer seek direct review." United States v. Walker, 165 F.3d 22, 1998 WL 722575 at *1 (4th Cir.1998) (unpublished table decision). If a petitioner files an appeal but not a petition for writ of certiorari, his judgment is not final until 90 days after the court of appeals renders its decision. Id. at *1; see also Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003) (holding that "a judgment of conviction becomes ` final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). There is some debate, however, regarding when a conviction is final if the petitioner seeks appellate review but then seeks voluntary dismissal. In United States v. Craig, No. 6:06-757-HMH, 2006 WL *735 1129404 (D.S.C. Apr.26, 2006), the court stated,
"If an appeal is voluntarily dismissed, such dismissal places the parties in the same position as if no notice of appeal were ever filed, and under such circumstances the appeal cannot be reinstated unless a new notice of appeal is timely filed." 5 Am.Jur.2d Appellate Review § 290 (2005) (citing Williams v. United States, 553 F.2d 420, 422 (5th Cir.1977) (finding that, after the appellants filed a timely notice of appeal but dismissed the appeal before it was docketed with the court of appeals, the appellants were in the same position as if they had never placed a notice of appeal in the first place))
Craig, 2006 WL 1129404, at *2; see also United States v. Sylvester, No. 3:CV-05-286, 2006 WL 695796, at *3 (M.D.Pa. Mar.17, 2006) (concluding a voluntary dismissal of an appeal renders a petition for a writ of certiorari unavailable, and thus the judgment of conviction would be final at the point of the voluntary dismissal of the appeal, instead of 90 days later); cf. United States v. Shunk, 113 F.3d 31, 35 (5th Cir.1997) ("The Shunks' convictions became final in 1992, when they withdrew their direct appeal. . . ."). Other courts conclude that the conviction is final ninety days after the appellate court dismisses the appeal. See, e.g., Marshall v. Crosby, No. 3:05CV207/LAC/EMT, 2006 WL 568341 (N.D.Fla. Mar.7, 2006) (concluding the defendant's state court judgment became final 90 days after the state appellate court granted his motion for voluntary dismissal of his appeal).
In the case sub judice, the Fourth Circuit Court of Appeals dismissed Hosey's appeal on February 22, 2005. Assuming his conviction became final ninety days after that date, his conviction became final on or about May 23, 2005. Thus, the one-year period in which Hosey had to timely file his § 2255 motion expired no later than May 23, 2006. As noted above, however, Hosey filed his § 2255 motion on May 9, 2007, approximately one year after the time for filing had passed. Thus, assuming the one-year period of limitations began to run when Hosey's conviction became final, his § 2255 motion is not timely.
Hosey seems to argue that the period of limitations did not begin to run on the date his conviction became final but began to run on the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. He states,
As stated in the 2255 motion, Petitioner could not state a claim in which relief could be granted until the Government committed the violation. . . .
The Government also misconstrues Petitioner's point on page 7 of its Motion to Dismiss by stating that according to Petitioner "the error was committed by not submitting a 5K1.1 motion at sentencing." Petitioner's actual argument is that the error is the Government's misuse of Rule 35 to reward Petitioner for presentence cooperation[,] which could not have occurred until the Government actually filed the Rule 35 motion.
(Resp. in Opp'n at 3.)
In United States v. Martin, 25 F.3d 211 (4th Cir.1994), the Fourth Circuit considered the district court's ruling that it lacked authority to grant a motion for substantial assistance pursuant to Federal Rule of Criminal Procedure 35(b) for cooperation with the government prior to sentencing. Martin, 25 F.3d at 213. In that case, Martin was indicted on October 15, 1991, and entered into a plea agreement on December 4, 1991. Id. The presentence report for Martin stated that the United States Attorney intended to make a substantial assistance motion but because *736 Martin was in the process of cooperating with the Government, the motion would not be made at the time of sentencing but would be made within a year. Id. At sentencing, the Government "candidly acknowledged that Martin's assistance was substantial." Id. at 214. After he was sentenced, but through no fault of his own, "Martin's continued willingness to cooperate was fruitless in that he was not able to provide any additional information or assistance to the government." Id. at 215. On March 31, 1993, the government moved for a reduction of sentence pursuant to Rule 35(b), but the district court "held that it was without authority to grant the government's motion because the government's motion for reduction of sentence rested on substantial assistance Martin provided to the government prior to his sentencing." Id.
The Fourth Circuit stated,
In light of the language and structure of [§ 5K1.1 and Rule 35(b)], it has been held that the government may not predicate its decision to defer a U.S.S.G. § 5K1.1 motion on the fact that it will make a Fed.R.Crim.P. 35(b) substantial assistance motion after sentencing. The Drown court explained: "[W]here section 5K1.1 is in play, the prospect of Rule 35(b) relief in the future cannot be allowed to alter or influence the decisions of the prosecution, or the deliberations of the court, at sentencing." To hold otherwise would improperly merge the temporal boundaries established in section 5K1.1 and Fed.R.Crim.P. 35(b). Accordingly, if at the time of sentencing, the government deems the defendant's assistance substantial, the government cannot defer its decision to make a U.S.S.G. § 5K1.1 motion on the ground that it will make a Fed.R.Crim.P. 35(b) motion after sentencing. Instead, the government at that time must determine  yes or no  whether it will make a U.S.S.G. § 5K1.1 motion. If the government defers making a U.S.S.G. § 5K1.1 motion on the premise that it will make a Fed.R.Crim.P. 35(b) motion after sentencing, the sentence that follows deprives a defendant of due process, and is therefore in violation of the law.
Id. at 216 (internal quotation marks and citations omitted); see also United States v. Drown, 942 F.2d 55 (1st Cir.1991). Applying the rules to the facts, the court in Martin determined that Martin's sentence had been imposed in violation of the law because it was undisputed that the government's decision to defer making a motion pursuant to § 5K1.1 was motivated by the fact that it would make a motion pursuant to Rule 35(b). Id. The court stated, "Because a U.S.S.G. § 5K1.1 motion at sentencing was the only vehicle under the law to reward Martin's presentence substantial assistance, once the government committed itself to reward Martin for his presentence substantial assistance in the modified plea agreement, it was bound to make a U.S.S.G. § 5K1.1 motion at sentencing." Id. at 217; see also United States v. Barnette, 427 F.3d 259, 263 (4th Cir.2005) (affirming district court's grant of § 5K1.1 motion when the record "indicates that the court fully exercised its discretion to depart under § 5K1.1 and that it did not partially reserve its discretion in anticipation of a Rule 35(b) motion."). In United States v. Speed, 53 F.3d 643, 645 (4th Cir.1995), the court stated, "Because a downward departure granted pursuant to Fed.R.Crim.P. 35(b) can only apply to substantial assistance that takes place after sentencing, Speed correctly maintains that his actions before sentencing could not be taken into account as substantial assistance." Furthermore, in a footnote, the court noted its "disinclination to agree with Judge Ellis's reliance on United States v. Drown, 942 F.2d 55 (1st Cir.1991), for the proposition that the First Circuit has explicitly recognized that a court may consider *737 the full extent of a defendant's assistance in ruling on a Rule 35(b) motion." Id. at 645 n. 3. The court in Speed continued,
However, to the extent that the Drown court took the position in a footnote that a sentencing court could take pre-sentencing assistance into account on a Rule 35(b) motion, the holding is not a model of clarity. The footnote not only lacks any citation to cases or Rule 35(b) to support its position, but also appears to have been dictum. Accordingly, after considering the footnote in Drown, we remain constrained by our precedent.
Id. at 645 n. 3.
Having received a significant downward departure, albeit more than two years after his original sentencing, the court is unsure why Hosey brings this § 2255 petition. If, as may be the case, Hosey is complaining about the fact that he did not receive a downward departure pursuant to § 5K1.1 and Rule 35(b), the arguments concerning the lack of a § 5K1.1 motion are time-barred. For example, in Pennington v. United States, 166 F.3d 1221, 1999 WL 14052 (10th Cir.1999) (unpublished table decision), the Tenth Circuit considered a § 2255 motion alleging two separate breaches of a plea agreement: (1) the government violated its promise to move for a downward departure at sentencing pursuant to § 5K1.1, and (2) the government violated a promise to move for a post-sentencing departure pursuant to Rule 35(b). Pennington, 166 F.3d 1221, 1999 WL 14052 at *1. While the court ruled the second claim timely because the petitioner was not on notice of the government's failure to file a Rule 35(b) motion until one year after the imposition of his sentence, the court ruled his first claim untimely:
Motions under 28 U.S.C. § 2255 must be filed within one year of the final judgment of conviction unless certain statutory exceptions apply to toll the limitations period. With regard to petitioner's § 5K1.1 claim, no such exceptions apply because [petitioner] had notice of the government's failure to follow its alleged promise at sentencing, and therefore before the final judgment against him was filed.
Id. at *1. However, to the extent that Petitioner is claiming error in the application of Rule 35(b), that argument is not time-barred. The Government filed its motion pursuant to Rule 35 on February N, 2007, and Hosey filed Ilia § 2255 petition on May 9, 2007. As Hosey filed the § 2255 petition within one year of the alleged misapplication of Rule 35, the court denies the Government's Motion to Dismiss.

CONCLUSION
It is therefore ORDERED, for the foregoing reasons, that the Government's Motion to Dismiss is DENIED.
AND IT IS SO ORDERED.
NOTES
[1] Hosey is of the opinion that the plea agreement states the Attorneys for the Government agreed "to move the Court to depart from the U.S. Sentencing Commission Guidelines, pursuant to 5K1.1 of those guidelines, and 18 U.S.C. 3553(e), and/or move the Court for a reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure." (See Resp. in Opp'n at 1.) However, the court has reviewed the plea agreement, and it states the Attorneys for the Government "agree to move the Court to depart from the United States Sentencing Commission Guidelines, pursuant to § 5K1.1 of those Guidelines, and Title 18, United States Code, Section 3553(e), or move the Court for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure." (See Plea Agreement ¶ 11 (emphasis added.))